**Steve KINCAK, Plaintiff,**

v.

**Margaret HECKLER, Secretary of Health and Human Services, Defendant.**

**Civ. A. No. 84–62.**

United States District Court, W.D. Pennsylvania.

June 18, 1984.

Robert N. Peirce, Jr., Pittsburgh, Pa., Barkan & Neff, Columbus, Ohio, for plaintiff.

Anthony M. Mariani, Asst. U.S. Atty., Pittsburgh, Pa., for defendant.

MEMORANDUM OPINION

TEITELBAUM, Chief Judge.

Steve Kincak was originally awarded disability benefits in July, 1977. Subsequently the Social Security Administration reviewed his case and terminated benefits as of July, 1982. Kincak pursued his administrative appeals and on January 12, 1984 appealed to this Court.

On April 13, 1984 Secretary Heckler announced the suspension of the periodic disability review process and the continuation or restoration of benefits to claimants with administrative appeals pending. A Social Security Ruling issued May 22, 1984 states that the restoration of benefits applies only to claimants with administrative appeals pending and not to claimants with court suits pending. Further, remanded cases are not subject to the moratorium and benefits will not be restored in remanded cases.

The decision to not restore benefits in remanded cases apparently rests on jurisdictional grounds, the Secretary's jurisdic-

tion ending with the issuance of the final administrative decision. Although this jurisdictional ground may provide a basis for the decision to not restore benefits in pending court suits,[1] if a case is remanded it proceeds administratively and there is no impediment to restoring benefits. This is so even though the court technically retains jurisdiction over the remanded case.

Claimants who have had benefits terminated and have administrative appeals pending and claimants who have had benefits terminated and have cases remanded to the administrative level have been equally harmed by the disability review process and are equally entitled to redress under the moratorium. Discrimination between these classes of claimants has no rational basis and is arbitrary, capricious and an abuse of discretion.

*Galore v. Heckler*, No. 84–63 (W.D.Pa. June 5, 1984) does not compel a contrary result. In *Galore* the Honorable Rabe F. Marsh of this Court denied a motion to remand and reinstate benefits in light of the May 22, 1984 Social Security Ruling. *Galore* did not hold that the Ruling was a proper exercise of discretion.

Accordingly, the present case will be remanded to the Secretary with an order that benefits be restored.

---

**1.** The Court does not reach this issue.