Steve KINCAK, Plaintiff,

v.

Margaret HECKLER, Secretary of
Health and Human Services,
Defendant.

Civ. A. No. 84–62.

United States District Court,
W.D. Pennsylvania.

Aug. 31, 1984.

Robert N. Peiree, Jr., Pittsburgh, Pa.,
Barkan & Neff, Columbus, Ohio, for plaintiff.

Anthony M. Mariani, Asst. U.S. Atty.,
Pittsburgh, Pa., for defendant.

MEMORANDUM OPINION

TEITELBAUM, Chief Judge.

By memorandum opinion and order dated June 18, 1984, as modified by order dated June 19, 1984, 586 F.Supp. 914, this Court held that disability claimants who have had benefits terminated and have cases remanded to the administrative level are equally entitled to the restoration of benefits as are disability claimants who have had benefits terminated and have administrative appeals pending. The Secretary has filed a motion to alter judgment or, alternatively, motion to lift [sic] stay.

The Secretary contends there is a rational basis for the different treatment given claimants with administrative appeals pending and claimants with court appeals pending. On April 13, 1984 the Secretary halted all new disability reviews, halted administrative reviews and rescinded all non-final administrative determinations. The Secretary contends this suspension of administrative proceedings necessitated the restoration of benefits to the affected claimants. The Secretary further contends that she was unable to suspend the review process once a final administrative determination was rendered by the Appeals Council. Specifically, she contends first, that there was no administrative action to be suspended once appeals reached the courts and second, that suspension of administrative proceedings in remanded cases would violate the specific directives given to the Secre-

tary in the courts' remand orders. Hence, the Secretary contends the denial of the restoration of benefits to claimants with appeals in the courts is neither arbitrary, capricious nor an abuse of discretion.

If the Secretary were correct in her premise that she was unable to suspend the review process once the Appeals Council rendered its final administrative determination, this Court would perhaps be constrained to conclude that, notwithstanding the fact that both classes of claimants were adversely affected by the review process, the Secretary's decision to not afford redress to claimants with appeals in the courts has a rational basis. However, this is not the case.

■ The Secretary has rescinded administrative determinations terminating benefits which were made at the initial, reconsideration and ALJ levels. The Secretary identifies no impediment to her also rescinding final administrative determinations terminating benefits which were made at the Appeals Council level. If the Appeals Council determinations were also rescinded, benefits would also be restored to these affected claimants. Surely neither the claimants thereby granted the remedy sought nor the courts thereby relieved of reviewing the Secretary's adverse determinations would be heard to complain. "[I]t is neither fair nor logical that the Appeals Council decision ... should be given weight when no other decision within the administrative review process is any longer given any weight." *Tustin et al v. Heckler*, 591 F.Supp. 1049 at 1061 (D.N.J.1984).

Further, in response to the Secretary's argument that suspension of administrative proceedings in remanded cases would violate remand orders, it must be noted that in the present case and in the spate of cases remanded following the Secretary's April 13, 1984 policy change, remand was ordered solely to take advantage of that policy change. Thus suspension of further administrative proceedings and restoration of benefits cannot contravene the remand orders.

The Secretary has informed the court that she anticipates that the new disability legislation will require the remand of affected lawsuits for application of the "medical improvement" standard. This buttresses the Court's conclusion that redress is to be afforded to all claimants adversely affected by the review process and that denial of the restoration of benefits to claimants with appeals in the courts is arbitrary and capricious and an abuse of discretion.

For all of the foregoing reasons the Court reaffirms its prior decision in this case. It further appears that plaintiff Kincak and others similarly situated are entitled to restoration of benefits as members of the nationwide class certified in *Tustin v. Heckler, supra.*

■ The Secretary filed her motion under Fed.R.Civ.P. 59(e). This Rule provides "A motion to alter or amend the judgment shall be served not later than ten days after entry of the judgment." Rule 6(b) provides the court "may not extend the time for taking any action under Rule [ ] 59 ... (e)."

The memorandum opinion and order was entered June 18, 1984 and the amending order entered June 19, 1984. The Secretary's motion was not served until July 2, 1984, three days beyond the mandatory time limit of Rule 59(e). For this reason alone the Secretary's motion must be denied.

An appropriate order shall issue.