514 F.2d 824
 168 U.S.App.D.C. 402
 Andre BOUCHARD et al., Individually and on behalf of all
others similarly situated, Appellants,
v.
Walter E. WASHINGTON et al., Individually and as
Mayor-Commissioner of the District of Columbia, Appellees.
 No. 73-1713.
 June 12, 1975
 
 United States Court of Appeals,
District of Columbia Circuit.
 Nathan J. Paulson, Washington, D. C., with whom Michael Diamond, Washington, D. C., was on the brief, for appellants.
 Earl J. Silbert, U. S. Atty., with whom John A. Terry, Nathan Dodell, and Harry R. Benner, Asst. U. S. Attys., were on the brief, for Federal appellees.
 C. Francis Murphy, Corp. Counsel, Washington, D. C., with whom Richard W. Barton and E. Calvin Golumbic, Asst. Corp. Counsels, Washington, D. C., were on the brief, for the District of Columbia appellees.
 Before ROBINSON and ROBB, Circuit Judges, and WEIGEL,* United States District Judge for the Northern District of California.
 Opinion for the Court filed by Circuit Judge SPOTTSWOOD W. ROBINSON, III.
 Dissenting Opinion filed by Circuit Judge ROBB.
 SPOTTSWOOD W. ROBINSON, III, Circuit Judge:
 
 
 1
 The Demonstration Cities and Metropolitan Development Act of 1966[1] authorizes the Secretary of Housing and Urban Development to provide financial and technical assistance enabling cities to plan and execute certain types of programs designed to improve the quality of urban life in the United States.[2] Among the projects which may qualify for assistance are "locally prepared and scheduled comprehensive city demonstration programs containing new and imaginative proposals to rebuild or revitalize large slum and blighted areas . . . ."[3] A comprehensive city demonstration program is eligible for assistance only if it satisfies specified criteria,[4] one of which is that it be "of sufficient magnitude to . . . provide . . . widespread citizen participation in the program . . . ."[5] The Secretary is commanded, inter alia, to "emphasize local initiative in the planning, development, and implementation of comprehensive city demonstration programs . . . ."[6] The case before us challenges a demonstration program as violative of these requirements.[7]
 
 
 2
 On May 1, 1967, the District of Columbia applied for a planning grant in connection with its Model Cities Program. On November 17, 1967, the Department of Housing and Urban Development (HUD) advised that the District's proposal failed to meet performance standards for citizen involvement. Thereafter, on December 13, 1968, the District's Mayor-Commissioner issued Order 68-761 establishing the Model Cities Commission as the citizen participation component in the Model Cities Program.[8] By that order, the Commission shared a policy-making role with the District's Model Cities Administrator, and an impasse procedure for possible disagreements was supplied.[9] Order 72-44, issued on February 29, 1972, however, eliminated the impasse mechanism, relegated the Commission to an advisory function, and merged the staffs of the Commission and the City Demonstration Agency, which was controlled by the District Government.
 
 
 3
 Appellants[10] then filed this class action challenging the validity of Order 72-44 on both substantive and procedural grounds. Discussions were held between appellants and appellees[11] ostensibly to work out a new plan to replace Order 72-44. Order 72-273, promulgated on November 24, 1972, instituted a significantly modified impasse procedure[12] and continued to deny the Commission a separate staff.
 
 
 4
 Appellants then amended their complaint to charge the invalidity of the new scheme and the litigation came on for hearing on appellants' motion for a preliminary injunction and cross-motions for summary judgment. The District Court rejected appellants' claims that the revised administrative structure disregarded the Act's specifications of "widespread citizen participation"[13] and "local initiative,"[14] and granted summary judgment in appellees' favor.[15] Appellants now assert their contentions in this court but we find them soundly answered by the District Court's opinion[16] on all points save one. We reverse and remand for a limited trial on that point alone, and in all other respects affirm the District Court.
 
 
 5
 In implementation of the statutory mandate of "widespread citizen participation,"[17] regulations promulgated by HUD provide that
 
 
 6
 (t)he citizen participation component must be actively and continuously involved in planning, monitoring, evaluating and influencing the Model Cities program. It is the city's responsibility, in good faith deliberation with its citizen participation component, to define clearly and set forth the responsibilities and authority of the citizen participation component in these areas.[18]
 
 
 7
 In granting summary judgment for appellees, the District Court concluded that the District Government engaged in good faith deliberations with appellants prior to adoption of Order 72-273.[19] We agree with appellants, however, that the record disclosed an issue of fact as to whether this requirement of good faith deliberation was met.[20] Accordingly, the summary judgment awarded appellees was improper.
 
 
 8
 The ground rules governing motions for summary judgment are well settled. The motion can be granted only if the record makes clear "that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."[21] The movant appellees in this case must carry the burden of demonstrating the absence of any genuine issue as to any material fact,[22] and the party opposing the motion is entitled to all favorable inferences deducible from the parties' evidentiary representations.[23] The court's function is not to resolve any such issue, but only to ascertain whether any exists,[24] and all doubts in that regard must be resolved against summary judgment.[25]
 
 
 9
 The record unmistakably reveals an issue of good faith deliberation with the District's citizen participation component in the formulation of Order 72-44. In an affidavit executed by appellant Bouchard[26] serious allegations of lack of citizen involvement are made. These allegations are substantiated in an affidavit[27] by Charles Richardson, chairman of the Model Cities Commission.[28] The alleged unwillingness of governmental officials to discuss reorganization of the citizen component of the Model Cities Program with representatives of affected citizens raises inferentially the possibility of the same defect in Order 72-273.[29] If appellants can prove a lack of good faith deliberation as to Order 72-44, they are entitled to an opportunity to persuade the trier of fact that the same intransigence pervaded the District Government's formulation of a quite similar scheme of reorganization in Order 72-273. Moreover, the record also discloses an issue as to whether the District Government afforded appellants enough time to consider Order 72-273.[30] If not, the trier of fact might with equal facility infer an absence of good faith deliberation.
 
 
 10
 There is, then, a highly important factual issue which, if resolved in appellants' favor, could lead to a declaration that Order 72-273 is procedurally defective. If appellants succeed in proving an absence of good faith, it would appear that the federal appellees might also fail on the merits. Although HUD approval of Order 72-273 may not have been arbitrary or capricious[31] there are indications both of good faith and its absence it might have been in derogation of appellants' procedural rights.[32]
 
 
 11
 Accordingly, we reverse the summary judgment for appellees and remand the case for a trial limited to the issue of good faith deliberation regarding Order 72-273. In all other respects, we affirm the District Court.
 
 
 12
 So ordered.
 
 ROBB, Circuit Judge (dissenting):
 
 13
 I would affirm the judgment on the opinion of the district judge, Bouchard v. Washington, 356 F.Supp. 223 (D.D.C.1972). I find nothing in the record, including the affidavits of Bouchard and Richardson, that would justify a trial on the issue of good faith.
 
 
 14
 Order No. 72-273 was the one before the district judge, not Order No. 72-44, which had been rescinded. The allegations concerning the defendants' attitude during the discussions preceding Order No. 72-44 are too thin a reed to support an inference of bad faith in the discussions of Order No. 72-273.
 
 
 15
 The record discloses without contradiction that the plaintiffs participated in extensive discussions concerning Order No. 72-273. Thus in his opinion the district judge noted:
 
 
 16
 It should be remembered that this Court granted a 90-day stay of the proceedings in this litigation in order to allow the plaintiffs and defendants an opportunity to meet and discuss possible revisions in the administrative structure of the Model Cities Program. The record reveals that the defendants did, in fact, utilize this period of time to conduct negotiations and exchange information with the Model Cities Commission concerning the proposed draft of Order 72-273. This ongoing dialogue with the citizens participation component complied with the Model Cities Act and constituted "good faith deliberation" within the meaning of CDA Letter 10B. Therefore, this Court finds that there existed no procedural defects in the formulation and adoption of Order 72-273.[1]
 
 
 17
 356 F.Supp. at 229-230.
 
 
 18
 Moreover on November 28, 1972, four days after Order 72-273 was promulgated, the plaintiff Richardson, Chairman of the Model Cities Commission, wrote to HUD:
 
 
 19
 I am pleased to submit to you the Third Year Action Plan for the Washington, D. C., Model Cities Program.
 
 
 20
 The D. C. Model Cities Commission, working closely with the staff of the City Demonstration Agency, has contributed many weeks of work in developing this plan. We believe it provides the basis for a significant improvement in the income level and the overall quality of life in the Model Neighborhood in the coming year.
 
 
 21
 I therefore urge that the Department of Housing and Urban Development consider the plan without delay so that our third year program can be initiated promptly in the coming year.
 
 
 22
 This letter is attached to the Federal Defendant's Motion for Summary Judgment as Exhibit 13. The Director of the staff of the City Demonstration Agency, referred to by Richardson as "working closely" with Richardson's Commission in developing the Plan, is one of the defendants. In his affidavit Richardson says his letter
 
 
 23
 in no way indicates substantial participation by the Commission in any facet of the Model Cities Program other than in the development of the Third Action Year Plan, (sic) and that it in no way implies that the reorganization scheme presently exemplified by Order 72-273, included in the Third Action Year Plan (sic) was ever acquiesced in or agreed to in any way by me or by the Model Cities Commission.
 
 
 24
 However this may be, the letter illustrates the extensive and fruitful participation of the plaintiffs in the program. That the plaintiffs' views did not prevail in every instance does not mean that the defendants acted in bad faith.
 
 
 25
 In my opinion a trial of this action will be useless, for the trial judge will be bound to find for the defendants on the facts.
 
 
 26
 I respectfully dissent.
 
 
 
 *
 Sitting by designation pursuant to 28 U.S.C. § 292(d) (1970)
 
 
 [1]
 Pub.L. No. 89-754, 80 Stat. 1255 (1966), 42 U.S.C. § 3301 et seq. (1970)
 
 
 [2]
 Demonstration Cities and Metropolitan Development Act of 1966, tit. I, §§ 101, 102, 42 U.S.C. §§ 3301, 3302 (1970)
 
 
 [3]
 Id., tit. I, § 101, 42 U.S.C. § 3301 (1970)
 
 
 [4]
 Id., tit. I, § 103(a), 42 U.S.C. § 3303(a) (1970)
 
 
 [5]
 Id., tit. I, § 103(a)(2), 42 U.S.C. § 3303(a)(2) (1970)
 
 
 [6]
 Id., tit. I, § 103(b)(1), 42 U.S.C. § 3303(b)(1) (1970)
 
 
 [7]
 The full story of this case is lengthy and complex, and to the extent not set forth herein is amply summarized in the decision under review. Bouchard v. Washington, 356 F.Supp. 223 (D.D.C.1972)
 
 
 [8]
 On April 4, 1968, an ad hoc citizen committee had been appointed, and it made recommendations resulting in Order 68-761
 
 
 [9]
 The procedure was apparently a form of arbitration; each side would select two "arbiters" who in turn would select a fifth. This board would within 30 days reach a decision agreeable to the Commission and the Administrator. If no agreement were then forthcoming, the matter would be referred to the Mayor-Commissioner
 
 
 [10]
 Appellants, the named plaintiffs in the District Court, are residents of the area covered by the District's Model Cities Program and certain members of the Model Cities Commission
 
 
 [11]
 The District appellees are the Mayor-Commissioner, the Model Cities Administrator, the Director of the City Demonstration Agency and one member of the Model Cities Commission. The federal appellees are the Secretary and two HUD officials responsible for administering programs in the area encompassing the District of Columbia
 
 
 [12]
 In this scheme, the Commission has merely the opportunity to seek review by the Mayor-Commissioner of the Agency's actions
 
 
 [13]
 See text supra at note 5
 
 
 [14]
 See text supra at note 6
 
 
 [15]
 Bouchard v. Washington, supra note 7
 
 
 [16]
 Id
 
 
 [17]
 See text supra at note 5
 
 
 [18]
 CDA Letter 10-B (emphasis supplied)
 
 
 [19]
 Bouchard v. Washington, supra note 7, 356 F.Supp. at 229-230
 
 
 [20]
 Numerous authorities caution that summary judgment is not ordinarily appropriate in cases posing an issue as to a state of mind, such as good faith. See, e. g., Washington Post Co. v. Keogh, 125 U.S.App.D.C. 32, 34, 365 F.2d 965, 967 (1966), cert. denied, 385 U.S. 1011, 87 S.Ct. 708, 17 L.Ed.2d 548 (1967); Dewey v. Clark, 86 U.S.App.D.C. 137, 144, 180 F.2d 766, 773 (1950); Riley-Stabler Constr. Co. v. Westinghouse Elec. Corp., 396 F.2d 274, 277 (5th Cir. 1968)
 
 
 [21]
 Fed.R.Civ.P. 56(c)
 
 
 [22]
 Adickes v. S. H. Kress & Co., 398 U.S. 144, 157, 90 S.Ct. 1598, 1608, 26 L.Ed.2d 142, 154 (1970); Bloomgarden v. Coyer, 156 U.S.App.D.C. 109, 114-115, 479 F.2d 201, 206-207 (1973); Underwater Storage, Inc. v. United States Rubber Co., 125 U.S.App.D.C. 297, 300, 371 F.2d 950, 953 (1966), cert. denied, 386 U.S. 911, 87 S.Ct. 859, 17 L.Ed.2d 784 (1967)
 
 
 [23]
 Adickes v. S. H. Kress & Co., supra note 22, 398 U.S. at 157, 90 S.Ct. at 1608, 26 L.Ed.2d at 154; United States v. Diebold, Inc., 369 U.S. 654, 655, 82 S.Ct. 993, 994, 8 L.Ed.2d 176, 177 (1962); Nyhus v. Travel Management Corp., 151 U.S.App.D.C. 269, 271, 466 F.2d 440, 442 (1972)
 
 
 [24]
 Weiss v. Kay Jewelry Stores, Inc., 152 U.S.App.D.C. 350, 352, 470 F.2d 1259, 1261 (1972); Nyhus v. Travel Management Corp., supra note 23, 151 U.S.App.D.C. at 271, 466 F.2d at 442
 
 
 [25]
 Weiss v. Kay Jewelry Stores, Inc., supra note 24, 152 U.S.App.D.C. at 353, 470 F.2d at 1262; Underwater Storage, Inc. v. United States Rubber Co., supra note 22, 125 U.S.App.D.C. at 300, 371 F.2d at 953; Dewey v. Clark, supra note 20, 86 U.S.App.D.C. at 143, 180 F.2d at 772
 
 
 [26]
 The affidavit is attached to appellants' motion for preliminary injunction
 
 
 [27]
 This affidavit is appended to appellants' cross-motion for summary judgment
 
 
 [28]
 These charges are more fully stated in a letter from Chairman Richardson to James G. Banks, Model Cities Administrator, which was submitted with appellants' motion for a preliminary injunction. Richardson states that the Commission was not afforded an opportunity to consider the reorganizational scheme in Order 72-44 until more than eight months after its issuance
 
 
 [29]
 To this extent, we cannot accept appellees' contention that the validity of Order 72-44 has become moot by reason of the subsequent promulgation of Order 72-273. Compare Nader v. Butz, 154 U.S.App.D.C. 178, 474 F.2d 426 (1972)
 
 
 [30]
 This issue is raised by the Richardson letter and affidavit, supra note 28
 
 
 [31]
 See 5 U.S.C. § 706(2)(A) (1970)
 
 
 [32]
 See 5 U.S.C. § 706(2)(C), (D) (1970). Citizens to Preserve Overton Park v. Volpe, 401 U.S. 402, 413-414, 91 S.Ct. 814, 822, 28 L.Ed.2d 136, 151-152 (1971)
 
 
 [1]
 CDA Letter No. 10B, issued by HUD, sets out the requirements of citizen participation