The UNITED STATES, Appellant,

v.

**TEXAS INSTRUMENTS INCORPORATED,**
Appellee.

Appeal No. 81–23.

United States Court of Customs and Patent Appeals.

March 25, 1982.

J. Paul McGrath, Asst. Atty. Gen., David M. Cohen, Director, Joseph I. Liebman, Atty.-in-charge, and Jerry P. Wiskin, New York City, for appellant.

Frederick L. Ikenson, Washington, D. C., for appellee.

Louis Schneider and Herbert Peter Larsen, New York City, for Gen. Elec. Co., amicus curiae.

Before MARKEY, Chief Judge, RICH, BALDWIN, MILLER and NIES, Judges.

MARKEY, Chief Judge.

The Government appeals from the judgment of the Court of International Trade, *Texas Instruments, Inc. v. United States,* 518 F.Supp. 1341, 1 CIT —— (1981), holding that assembled solid state electronic watches and modules therefor are classifiable as electrical articles and parts thereof not specifically provided for under item 688.45, Tariff Schedules of the United States (TSUS).

After careful consideration of appellant's arguments, we are in full agreement with the decision of the Court of International Trade, and, accordingly, the judgment is *affirmed.*

NIES, Judge, with whom MILLER, Judge, joins, dissenting-in-part.

*The Government's Alternative Classification Under Item 740.38, TSUS*

I respectfully dissent from that portion of the court's opinion which affirms the Court of International Trade's rejection, on a motion for summary judgment, of the Government's proposed alternative classification of the subject watches and modules [1] under item 740.38, TSUS.

The court below held that TI had met its dual burden of proving that the original classification was incorrect and that TI's claimed provision was correct. The court also held that the Government failed to meet its burden of proving that classification under item 740.38, TSUS,[2] was correct.

---

1. I will refer to the solid state electronic watches as "watches" inasmuch as the parties concede they are commonly and commercially known as watches. The modules are the entire works behind the face.

2. Item 740.38, TSUS, provides as follows:

SCHEDULE 7.—SPECIFIED PRODUCTS; MISCELLANEOUS AND NON–ENUMERATED PRODUCTS
Part 6.—Jewelry and Related Articles; Cameos; Natural, Cultured, and Imitation Pearls; Imitation Gemstones; Beads and Articles of Beads

Had this matter come before the court after a trial as in *United States v. R. J. Saunders & Co.*, 42 CCPA 128, C.A.D. 584 (1955), or had the Government conceded TI's allegations and neither offered a showing that TI's claimed provision was incorrect nor asserted an alternative classification as in *United States v. L. Batlin & Son*, 61 CCPA 17, C.A.D. 111, 487. F.2d 916 (1973), shifting the burden of proving the alternative classification to the Government would have been correct. However, at this stage of the proceeding, the Government's burden was, at most, limited to showing the existence of a genuine issue of material fact.[3] *United States v. General Motors Corp.*, 518 F.2d 420, 441–42 (CA D.C.1975). Moreover, all doubt must be resolved against summary judgment. *United States v. Diebold, Inc.*, 369 U.S. 654, 82 S.Ct. 993, 8 L.Ed.2d 176 (1962); *Bouchard v. Washington*, 514 F.2d 824, 827 (CA D.C.1975), and cases cited therein.

The court below rejected the Government's alternative classification of the subject merchandise under item 740.38, TSUS, stating:

> Subpart A.—Jewelry and Related Articles
> *Subpart A headnotes:*
> 1. This subpart covers jewelry and other objects of personal adornment, small articles ordinarily carried in the pocket, in the handbag, or on the person for mere personal convenience, certain religious articles and certain parts and materials. This subpart does not cover—
> * * * * * *
> (ii) watches (see part 2E of this schedule).
> * * * * * *
> 2. For the purposes of this subpart—
> (a) the term *"jewelry and other objects of personal adornment"* (items 740.05 through 740.38), includes rings, ear-rings and clips, bracelets (including watch bracelets and identification bracelets), necklaces, neck chains, watch chains, key chains, brooches, tie pins and clips, collar pins and clips, cuff links, dress studs, buttons, buckles and slides, medals, military, fraternal and similar emblems and insignia (including those prescribed for military, police, or other uniforms), fobs, pendants, hair ornaments (including barrettes, hair-slides, tiaras, and dress combs), and similar objects of personal adornment.
> * * * * * *
> 3. Items 740.30 through 740.38 cover articles described in headnote 2(a) of this subpart,

From an examination of representative samples of the merchandise in question (Exhibit 6, Attachment A), the court can only conclude that the imported solid state watches are functional and serve a utilitarian purpose when worn on the person and cannot be classified, as urged by the defendant, as "jewelry and other objects of personal adornment." The exhibit itself may be said to be a most potent witness.[2] *Marshall Field & Co. v. United States*, 45 CCPA 72, C.A.D. 676 (1958).

---

[2] The burden of proof rests upon the defendant to establish the classification urged in its alternative claim. The defendant has not met this burden. *See United States v. R. J. Saunders & Co.*, 42 CCPA 128, C.A.D. 584 (1955).

I do not agree that because articles are functional, they may not be classified under item 740.38. Were this the test there would have been no need for Congress to provide an exclusion for any watches. *United States v. J. E. Mamiye & Sons,,* 665 F.2d 336 (1981). Moreover, I believe it is appropriate to give "watches" the same meaning in part 6A, headnote 1(ii), as in part 2E of Schedule 7.[4] Thus, solid state electronic

> except buttons, buckles, and slides, and hair ornaments (see parts 7A and 8A of this schedule).
> * * * * * *
> Jewelry and other objects of personal adornment not provided for in the foregoing provisions of this part (except articles excluded by headnote 3 of this part), and parts thereof:
> * * * * * *
> Valued over 20 cents per dozen pieces or parts:
> Watch bracelets:
>
> *       *       *
>
> Item 740.38   Other . . . . . . . . . . 25.4% ad val.

[3] Indeed, the burden was more appropriately on TI to show that no genuine issue of material fact existed. Rule 56(d) of the Rules of the United States Court of International Trade. *Compare Kennett-Murray Corp. v. Bone*, 622 F.2d 887 (CA 5 1980).

[4] Items 715.05, TSUS, and 716.18, TSUS, provide as follows:
SCHEDULE 7.—SPECIFIED PRODUCTS; MISCELLANEOUS AND NON–ENUMERATED PRODUCTS
Part 2.—Optical Goods, Scientific and Professional Instruments; Watches, Clocks, and Timing Devices; Photographic Goods; Mo-

watches are not specifically excluded from part 6 of Schedule 7 and may fall within the provisions of subpart A thereof under 2(a) as contended by the Government.[5] The proper focus of inquiry is whether the subject watches are treated or used as "jewelry and other objects of personal adornment" within the trade or by consumers. That the merchandise is functional, of simple design, or made of plastic does not rule out this possibility. The issue cannot be resolved by merely examining the merchandise. What is adornment to one may not be to another.

The Government submitted affidavits to which were attached examples of TI's advertising which promotes its solid state electronic watches, including watches of the kind in issue, as "contemporary fashion styles," a "beautiful" gift, "handsome" models, and of "distinctive" styling. TI's affidavits admit that such merchandise is regularly sold, inter alia, in jewelry stores and at jewelry counters in department stores. An unchallenged Government affidavit of a Customs Service employee is also

to this effect. The Government's amended answer, which was accepted, asserts that the goods are designed to be stylish objects of personal adornment.

While I agree with the court below that the inclusion of "watch bracelets" and "watch chains" does not bring the subject articles within the named exemplars of headnote 2(a), subpart A, part 6, Schedule 7,[6] I do not discern any common connection between the named exemplars other than that they are "objects of personal adornment." *Ditbro Pearl Co. v. United States,* 72 Cust.Ct. 1, 7, C.D. 4497, 393 F.Supp. 1398, 1403 (1974), *aff'd,* 62 CCPA 95, C.A.D. 1152, 515 F.2d 1157 (1975). Thus, while I express no opinion on the merits of the Government's case, I do agree with the Government that it should not have been deprived of the opportunity to prove that the subject articles are "objects of personal adornment" within the meaning of the aforesaid headnote 2(a). It cannot be said that there is no genuine issue of material fact over this issue.

tion Pictures; Recordings and Recording Media
Subpart E.—Watches, Clocks, and Timing Apparatus
*Subpart E headnotes:*
1. This subpart covers watches and clocks, time switches and other timing apparatus with clock or watch movements, and parts of these articles.
\* \* \* \* \* \*
2. For the purposes of this subpart—
(a) the term *"watches"* embraces timepieces (including timepieces having special features, such as chronographs, calendar watches, stopwatches, and watches designed for use in skindiving) suitable for wearing on or about the person, whether or not the movement therein is within the definition of "watch movement" in headnote 2(b), below;
(b) the term *"watch movement"* means a timepiece movement measuring less than 1.77 inches in width and less than 0.50 inch in thickness;
\* \* \* \* \* \*

| Item 715.05 | Watches | ..The column 1 rates applicable to the cases, plus the column 1 rates applicable to the movements, if such cases and movements were imported separately |
|---|---|---|

\* \* \* \* \* \*
Watch movements, assembled, without dials or hands, or with dials or hands whether or not assembled thereon:
\* \* \* \* \* \*
Having no jewels or not over 17 jewels: Not adjusted, not self-winding (or if a self-winding device cannot be incorporated therein), and not constructed or designed to operate for a period in excess of 47 hours without rewinding:
Having no jewels or only 1 jewel:
\* \* \* \* \* \*

| Item 716.18 | Over 0.6 but not over 1.77 inches in width ...... 67¢ each. |
|---|---|

5. I do not agree with TI's argument that solid state electronic watches, if within Part 6, can only fall within the category of "small articles carried .... for mere personal convenience." TI urges this provision inasmuch as such articles must be of precious metal (and/or set with, inter alia, precious stones) to fall under any item of Part 6 and the subject watches would thereby be excluded as their cases are all of plastic. Either this category or the category for an object of personal adornment may be appropriate for watches if the requirements are met.

6. *See* n.2, supra.

### Conclusion

The decision of the Court of International Trade that the merchandise should be classified, as claimed, under item 688.45, TSUS, as electrical articles and electrical parts of articles, not specifically provided for, other, should be *reversed* and the case *remanded* for trial on the issue of classification under item 740.38, TSUS.

