**NORTH AMERICAN FOREIGN TRADING CORP., Plaintiff,**

v.

**The UNITED STATES, Defendant.**

**Court No. 82–1–00110.**

United States Court of International Trade.

Dec. 28, 1984.

Fitch, King & Caffentzis, James Caffentzis, New York City, for plaintiff.

Richard K. Willard, Acting Asst. Atty. Gen., Washington, D.C., Joseph I. Liebman, Attorney in Charge, Jerry P. Wiskin, Civ. Div., U.S. Dept. of Justice, New York City, for defendant.

## OPINION

RESTANI, Judge:

Plaintiff, an importer of solid-state electronic digital watches, has moved for partial summary judgment in this action seeking to invalidate Executive Order 12371, 47 Fed.Reg. 30449 (1982), on the ground that it was a retroactive withdrawal of duty-free status afforded plaintiff's merchandise under the Generalized System of Preferences, 19 U.S.C. §§ 2461–2465 (1982). De-

fendant United States has cross-moved for summary judgment urging the validity of the executive order. Defendant, however, concedes that the merchandise should be reliquidated under TSUS 688.36 which is a new classification set forth in the executive order.

"The GSP is a trade program, established by Title V of the Trade Act of 1974 which authorizes the President to provide duty-free treatment for eligible articles from qualifying developing nations for the purpose of promoting their economic development." *Florsheim Shoe Co., Div. of Interco v. United States*, 744 F.2d 787, 788 (Fed.Cir.1984) (footnote omitted). The President, however, is not given total freedom to select any product for GSP treatment. Among other things he is prohibited from granting duty-free status to either watches or import sensitive electronic devices. 19 U.S.C. § 2463(c)(1)(B) and (C) (1982).

Apparently, it was the practice of the Customs Service to routinely classify solid-state electronic digital watches under the applicable categories for watches, TSUS 716.18 and 715.05, until March 25, 1982. On that date, the Court of Customs and Patent Appeals decided that because the digital watches did not involve mechanical movement, the devices were not properly classifiable as watches under TSUS 716.18 or 715.05 but rather under TSUS 688.45 as "electronic articles and parts thereof not specifically provided for." *United States v. Texas Instruments, Inc.*, 69 C.C.P.A. 136, 673 F.2d 1375 (1982). Accordingly, solid-state electronic digital watches might have received the GSP treatment available to items under TSUS 688.45 had the President not issued Executive Order 12371 which reclassified the digital watches in the new category of TSUS 688.36.

In issuing the executive order on July 12, 1982, the President stated that his purpose was to "clarify that certain import sensitive articles are and since the enactment of the Trade Act of 1974 have been precluded from eligibility for duty-free treatment pursuant Section 503(i)(1) [19 U.S.C. § 2463 (1982)] of the Trade Act ...." 47 Fed. Reg. 30449. The executive order was to affect "articles entered, or withdrawn from warehouse for consumption, on or after the day following the date of [the] Order, and for all articles previously entered for which liquidation has not been made final as of such date." 47 Fed.Reg. at 30450.

Plaintiff argues that the President did not follow the statutorily mandated procedure in withdrawing GSP status. The statute which governs withdrawal of duty-free treatment is section 504(a) of the Trade Act of 1974, 19 U.S.C. § 2464 (1982).[1] That section provides:

The President may withdraw, suspend, or limit the application of the duty-free treatment accorded under section 2461 of this title with respect to any article or with respect to any country; except that no rate of duty may be established in respect of any article pursuant to this section other than the rate which would apply but for this subchapter. In taking any action under this subsection, the President shall consider the factors set forth in sections 2461 and 2462(c) of this title.[2]

---

1. Plaintiff's reliance on Part 3 of the Trade Act of 1974, 19 U.S.C. § 2151 *et seq.*, which calls for hearings and advice to the President in connection with trade agreements is inapposite.

2. 19 U.S.C. § 2461 provides:
   The President may provide duty-free treatment for any eligible article from any beneficiary developing country in accordance with the provisions of this subchapter. In taking any such action, the President shall have due regard for—
   (1) the effect such action will have on furthering the economic development of developing countries;

(2) the extent to which other major developed countries are undertaking a comparable effort to assist developing countries by granting generalized preferences with respect to imports of products of such countries; and
   (3) the anticipated impact of such action on United States producers of like or directly competitive products.
   Section 2462(c) concerns only the selection of countries, rather than products, for treatment under the GSP program and is therefore not relevant to this case.

The President did not purport to comply with § 504(a) because he did not believe he was withdrawing GSP status. Rather, he believed he was clarifying existing status.

■■■ The intent of the Trade Act of 1974 was to exclude watches from GSP treatment because they are import sensitive. S.Rep. No. 1298, 93rd Cong., 2d Sess. 42, 224, *reprinted in* 1974 U.S.Code Cong. & Ad.News, 7186, 7216, 7354. Unlike the tariff schedules the relevant portion of the Trade Act of 1974 does not refer to watch or mechanical "movement", and the parties here do not appear to dispute that solid state electronic watches are "watches" in common and commercial meaning. There is no evidence before the court which would lead one to conclude that Congress, in either the statute or the legislative history, was using the term "watches" in other than a common or commercial sense. To the contrary 19 U.S.C. § 2463 specifically refers to items of the tariff schedules with regard to footwear, but omits reference to the tariff schedules with regard to textiles, electronic articles, steel, and watches.[3] Therefore, the court finds that Congress did not intend the GSP status of solid-state digital watches to depend on the tariff schedule meaning of "watches".[4]

■■■ In one sense the part of Executive Order 12371 at issue was not necessary because GSP status for digital watches never existed. (Of course, in a practical sense the order was necessary to end the confusion existing after the *Texas Instruments* case.) Since the Executive Order did not withdraw GSP status, § 504(a) was not applicable. The President was simply not free to make the determinations contemplated by § 504(a). His course was dictated by 19 U.S.C. § 2463(c)(1)(B), excluding watches from the GSP program.

One of plaintiff's principal arguments is based on *Teters Floral Products Co. v. United States*, 7 CIT ——, 586 F.Supp. 960 (1984). Plaintiff claims that the duty-free status of its goods was fixed at the time of entry and that the executive order was thus an attempt to retroactively alter a vested right to GSP treatment.[5] Since there was no preexisting right to GSP treatment this argument fails. The court notes, however, that plaintiff misreads the court's decision in *Teters*. That case held that if Congress wished to mandate a change in the ordinary rule fixing the status of duties at the time of entry, Congress would have made the mandate explicit. The case did not decide that duty status is always fixed at entry or that Congress has prevented the President from altering the ordinary rule regarding the time of fixing of duty status when the President is performing legislative functions. In Executive Order 12371 the President acted for Congress in establishing a different time than entry for fixing the duty status of solid-state electronic digital watches.

---

**3.** Under General Headnote 3(c)(ii) to the tariff schedules, the goods at issue would have received GSP treatment because item 688.45, the classification applicable under *Texas Instruments*, was preceded by the letter "A" signifying such treatment. But the general headnotes must be read together with the remainder of the statute and in accordance with Congressional intent. If the literal words of the general headnotes conflict with obvious statutory intent, they will be disregarded. *See Bob Jones University v. United States*, 461 U.S. 574, 103 S.Ct. 2017, 2025, 76 L.Ed.2d 157 (1983); *Church of the Holy Trinity v. United States*, 143 U.S. 457, 460, 12 S.Ct. 511, 512, 36 L.Ed. 226 (1892); *Ambassador Division of Florsheim Shoe v. United States, et al.*, 748 F.2d 1560 at 1563–64 (Fed.Cir.1984).

**4.** We have before us the uncontradicted statement of the United States that at the time of enactment of the Trade Act of 1974 the practice of the Customs Service was to classify digital watches as "watches". It is clear from *Texas Instruments* that this was the practice in the years immediately before that decision. Plaintiff argues, however, that this practice may not have been known to Congress in 1974. Because the court finds that Congress did not define "watches" according to the tariff schedules, it is irrelevant whether Congress knew of Customs' interpretation of the tariff schedules.

**5.** Under the executive order the duty status of plaintiff's goods was not fixed. *See* Executive Order 12371, 47 Fed.Reg. at 30450, making merchandise entered, but for which no entries had been liquidated, subject to the executive order. Liquidation of plaintiff's merchandise was not final because a protest and civil action were filed. 19 C.F.R. § 159.1 (1984).

Along this line plaintiff also argues that Congress itself must specifically state that it intends legislation to be retroactive in order for such legislation to be upheld. Once again this argument is inapposite because the executive order did not have the type of retroactive effect plaintiff alleges. Nonetheless, once Congress delegates authority to the President, it is the President's intent alone which determines whether an executive order is to be retroactive. *Sea-Land Service, Inc. v. I.C.C.*, 738 F.2d 1311, 1314 (D.C.Cir.1984).

Since no material factual disputes prevent entry of judgment, judgment will be granted pursuant to Court of International Trade Rule 56. Accordingly, the court finds Executive Order 12371 valid. The parties have agreed through the pleadings that the subject articles are therefore properly classifiable under TSUS 688.36. The Customs Service is thus directed to refund the difference between the original assessed duties and the correct duties with interest from date of summons to date of payment pursuant to 28 U.S.C. § 2644 (1982), and defendant's motion for summary judgment is hereby **GRANTED**.