Dated: New York, New York, January 24, 1991.

LLOYDS ELECTRONICS, INC., PLAINTIFF *v.* UNITED STATES, DEFENDANT

Court No. 86-06-00781

(Dated April 15, 1991)

*Sheldon & Mak*, (*Steven B. Lehat*), for plaintiff.
*Stuart M. Gerson*, Assistant Attorney General; *Joseph I. Liebman*, Attorney in Charge, International Trade Field Office, Commercial Litigation Branch, (*Saul Davis*), and (*Steven Berke*, United States Customs Service, Of Counsel), for defendant.

RE, *Chief Judge*: The question presented in this case pertains to the proper classification, for customs duty purposes, of certain merchandise imported from Taiwan and described on the customs invoice as "AM/FM–FM Receiver with Clock Radio and Stereo Cassette Recorder Player."

The imported merchandise was classified by the Customs Service under a basket provision for radio combinations, "whether or not incorpo-

rating clocks or other timing apparatus," under item 685.50, TSUS, with duty assessed at the rate of 6.2 per centum *ad valorem*. Plaintiff protests this classification, and contends that the imported merchandise is properly classifiable as "[m]achines not specially provided for, and parts thereof," under item 678.50, TSUS, with duty assessed at the rate of 4.4 per centum *ad valorem*.

The pertinent statutory provisions of the tariff schedules are as follows:

*Classified Under*:

Schedule 6, Part 5

Radiotelegraphic and radiotelephonic transmission and reception apparatus; radiobroadcasting and television transmission and reception apparatus, and television cameras; record players, phonographs, tape recorders, dictation recording and transcribing machines, record changers, and tone arms; all of the foregoing, and any combination thereof, whether or not incorporating clocks or other timing apparatus, and parts thereof:

  *    *    *    *    *    *    *

  Other:

  *    *    *    *    *    *    *

685.50     Other ............................. 6.2% *ad val.*

*Claimed Under*:

Schedule 6, Part 4, Subpart H

678.50     Machines not specially provided for, and
        parts thereof ....................... 4.4% *ad val.*

The question presented is whether the imported merchandise has been properly classified by the Customs Service as radio combinations, "whether or not incorporating clocks or other timing apparatus," under item 685.50, TSUS, a basket provision, or is properly classifiable as "[m]achines not specially provided for, and parts thereof," under item 678.50, TSUS, as claimed by the plaintiff.

In order to decide the question presented, the court must consider "whether the government's classification is correct, both independently and in comparison with the importer's alternative." *Jarvis Clark Co. v. United States*, 733 F.2d 873, 878, *reh'g denied*, 739 F.2d 628 (Fed. Cir. 1984). Pursuant to 28 U.S.C. § 2639(a)(1) (1988), the government's classification is presumed to be correct, and the burden of proof is upon the party challenging the classification.

After an examination of the stipulated facts and exhibit, pertinent tariff provisions, and relevant case law, it is the determination of the court that the plaintiff has not overcome the presumption of correctness that attaches to the classification by Customs, and that the imported

merchandise has been properly classified by the Customs Service as radio combinations, "whether or not incorporating clocks or other timing apparatus," under item 685.50, TSUS, a basket provision.

In lieu of a trial, the parties have stipulated to the facts. As stated by the parties in their stipulation, "[t]he imported merchandise consists of AM/FM radio reception apparatus in combination with cassette recorder/players and solid-state digital timekeeping devices. * * *" Each of the imported machines "possesses an integral solid-state digital timekeeping device portion." The timekeeping device portions of the imported merchandise "contain LED displays, the purpose of which is to display time in various modes." The stipulation expressly provides that the imported merchandise does not contain any "moving parts," nor any "movements, mechanisms, or synchronous motors."

In addition to the stipulation, the parties admitted into evidence a joint exhibit. The joint exhibit consisted of plaintiff's product service manuals and various marketing materials for solid-state timekeeping devices marketed by the plaintiff, and similar to the timekeeping devices contained in the imported merchandise.

In support of its contention that the imported merchandise is properly classifiable under item 678.50, TSUS, the plaintiff asserts that the imported merchandise "is 'more than' that which Customs classified it as, being properly classifiable as machines not specially provided for." The plaintiff asserts that the imported merchandise contains a "solid-state digital timekeeping device," and that the device is not a clock or other timing apparatus, for purposes of the tariff schedules. Hence, plaintiff submits that the imported merchandise is "more than" a radio combination, "whether or not incorporating clocks or other timing apparatus," as provided by item 685.50, TSUS.

In order to establish that the imported merchandise is properly classifiable under item 678.50, TSUS, the plaintiff must show that the timekeeping device contained in the imported merchandise is not a "clock[] or other timing apparatus," within the meaning of item 685.50, TSUS. In support of its contention that the imported merchandise does not contain a "clock[] or other timing apparatus" within the meaning of the tariff schedules, the plaintiff cites *Texas Instruments, Inc. v. United States*, 82 Cust. Ct. 272, C.D. 4810, 475 F. Supp. 1183 (1979), *aff'd*, 67 CCPA 59, C.A.D. 1244, 620 F.2d 269 (1980) (*Texas Instruments I*).

In *Texas Instruments I*, the imported merchandise consisted of integrated circuit devices, which were used as components in modules of solid-state electronic digital watches. The merchandise was classified by the Customs Service as assemblies and subassemblies for clock movements, under item 720.75, TSUS. Plaintiff protested the classification, and contended that the imported merchandise was properly classifiable "as transistors and other related electronic crystal components," under item 687.60, TSUS. 82 Cust. Ct. at 274, 475 F. Supp. at 1184.

The Customs Court noted that implicit in Customs' classification of the merchandise as assemblies and subassemblies for clock movements

"is the premise that the module in a solid-state digital watch of which the subject merchandise is an assembled component part is a 'watch movement' within the purview of the tariff schedules." *Id.* at 277, 475 F. Supp. at 1186. The court reviewed the testimony at trial and several lexicographic definitions, and concluded that the term "movement" has a specific and unambiguous common meaning in the horological industry. *See id.* at 278, 475 F. Supp. at 1187. The court explained that "the term 'movement' as used in the horological industry refers to a mechanism, whether mechanical or electro-mechanical, which possesses some moving parts to which or from which motion is transferred." *Id.*

The defendant contended, however, that in enacting the applicable tariff provisions "Congress intended the term 'watch movement' as used in the tariff schedules to include any device capable of measuring time. * * *" *Id.* at 280, 475 F. Supp. at 1188. The court reviewed the hearings before the United States Tariff Commission, and rejected the defendant's contention. The court noted that, in enacting the tariff provisions, Congress did not intend:

> to place a meaning on the term 'movement' other than its accepted common as well as commercial meaning, and include devices of every character, when, in fact, the only 'movements' which were then in existence and which were the sole subject of congressional consideration fell within the undisputed common as well as commercial meaning.

*Id.* at 282, 475 F. Supp. at 1189. Hence, the court held that the plaintiff had successfully rebutted the presumption of correctness that attaches to the classification by Customs, and that the imported merchandise was properly classifiable as transistors and other related electronic crystal components, under item 687.60, TSUS. *See id.* at 286, 475 F. Supp. at 1193. On appeal, the Court of Customs and Patent Appeals affirmed. *See United States v. Texas Instruments, Inc.*, 67 CCPA 59, C.A.D. 1244, 620 F.2d 269 (1980).

It is clear, however, that *Texas Instruments I* does not govern the classification of the imported merchandise in this case. In *Texas Instruments I*, the court construed the tariff classifications contained in Schedule 7, Part 2, Subpart E. It is to be noted that Headnote 1 to Subpart E states that "[t]his subpart covers watches and clocks, time switches and other timing apparatus with clock or watch movements, and parts of these articles." Subsection (iv) to Headnote 1 expressly states that Subpart E does not include "combination articles provided for elsewhere in the tariff schedules. * * *" Additionally, Headnote 2(a) states that:

> the term *'watches'* embraces timepieces (including timepieces having special features, such as chronographs, calendar watches, stopwatches, and watches designed for use in skindiving) suitable for wearing or carrying on or about the person, whether or not the

> movement therein is within the definition of 'watch movement' in headnote 2(b). * * *

(emphasis added).

Indeed, in a case involving the importation of solid-state electronic watches and watch modules, this court noted that Subpart E "embraces only watches possessing 'watch movements.'" *Texas Instruments, Inc. v. United States*, 1 CIT 236, 241, 518 F. Supp. 1341, 1344 (1981), *aff'd*, 69 CCPA 136, 673 F.2d 1375 (1982) (*Texas Instruments II*). Citing headnote 2(a), the court further noted that "the term 'watches' embraces timepieces – whether the *movements* therein may or may not fall within the dimensional requirements provided for in the subsequent headnote 2(b)." *Id.*

Furthermore, this court has recognized that solid state digital watches are "watches," for purposes of the tariff schedules. In *North American Foreign Trading Corp. v. United States*, 8 CIT 359, 600 F. Supp. 226 (1984), *aff'd*, 783 F.2d 1031 (Fed. Cir. 1986), the court held that solid-state electronic digital watches are properly classified as "[s]olid-state electronic watches and clocks," under item 688.36, TSUS.

Hence, it is clear that the term "clocks or other timing apparatus" in item 685.50, TSUS, is not limited to watches or clocks containing movements. Item 685.50, TSUS, therefore embraces radio combinations containing solid-state clocks, such as the imported merchandise.

Further support for the court's conclusion that solid-state timekeeping devices are embraced by the term "clocks" in item 685.50, TSUS, is provided by the plaintiff's product manuals and marketing materials, which refer to the timekeeping devices similar to those contained in the imported merchandise as "clocks." It is well established in customs law that although descriptions contained in service manuals and marketing literature "are not conclusive, they are relevant evidence of industry usage, particularly when they contradict the plaintiff's present position in [the] litigation." *NEC America, Inc. v. United States*, 8 CIT 184, 190, 596 F. Supp. 466, 471 (1984), *aff'd*, 760 F.2d 1295 (Fed. Cir. 1985). *See also A & A Int'l, Inc. v. United States*, 11 CIT 775, 783, 676 F. Supp. 263, 268 (1987).

It should also be noted that, beginning in 1982, "[s]olid-state electronic watches and clocks," were to be classified under item 688.36, TSUS. In its reply brief the plaintiff asserts that, despite item 688.36, TSUS, the term "clock" as used in the tariff schedules is limited to clocks containing "movements." The plaintiff states that item 688.36, TSUS, was concerned "*solely* with non-extension of duty-free treatment under the Generalized System of Preferences (GSP) to watches and clocks and *not tariff classification* at all." (emphasis in original).

By its express terms, however, item 688.36, TSUS refers to "[s]olid-state electronic watches and clocks." Hence, from the plain meaning of the statute, it is apparent that Congress intended to classify solid state timekeeping devices as "clocks."

CONCLUSION

In view of the foregoing, it is the determination of the court that plaintiff has not overcome the presumption of correctness that attaches to the classification by Customs, and that the imported merchandise has been properly classified by Customs under a basket provision for radio combinations, "whether or not incorporating clocks or other timing apparatus, under item 685.50, TSUS. Judgment will issue accordingly.