(C.A.D. 1243)

UNITED STATES *v.* TEXAS INSTRUMENTS INC., No. 79–32

(620 F. 2d 269)

U.S. Court of Customs and Patent Appeals, April 17, 1980

*Alice Daniel,* Assistant Attorney General, *David M. Cohen,* Director, Commercial Litigation Branch, *Sheila N. Ziff,* attorney of record, for appellee, *Frederick L. Ikenson,* Attorney for appellee.

*Henry C. Ikenberry* and *Gary N. Horlick* (Steptoe and Johnson) attorneys for Tally Industries, Amicus Curiae.

*James F. Davis, John F. Bruce* and *Frederick H. Graefe* (Howrey & Simon) attorneys for Timex Corporation, Amicus Curiae.

*Ive Arlington Swan,* Attorney General of the Virgin Islands and *William L. Blum,* Legal Counsel to the Virgin Islands, Dept. of Commerce attorneys for Government of the Virgin Islands, Amicus Curiae.

*Eugene A. Ludwig* (Covington & Burling) attorney of record for American Watch Association, Amicus Curiae.

*Louis Schneider* and *Herbert Peter Larsen* (Freeman, Meade, Wasserman and Schneider) attorneys for General Electric Co., Amicus Curiae.

[Oral argument or April 7, 1980 by Shelia N. Ziff for appellant and Frederick L. Ikenson for appellee]

Before MARKEY, *Chief Judge,* RICH, BALDWIN, and MILLER, *Associate Judges,* and FORD,[1] *Judge.*

MARKEY, Chief Judge.

■ The Government appeals from the judgment of the Customs Court, *Texas Instruments, Inc.* v. *United States,* 82 Cust. Ct. 287, C.D. 4811, 475 F. Supp. 1193 (1979), sustaining Texas Instruments' classification protest relating to imported visible light emitting diode (VLED) display devices used as components in solid-state digital watches. Judge Nils A. Boe held classification under item 685.70,[2] "electrical indicator panels or electrical visual signaling apparatus," to be proper. We affirm.

## BACKGROUND

The imported articles, entered from Taiwan in June 1976, are VLED display devices used in solid-state electronic watches to display time in digital form. The Customs Service classified them as "watch dials" under TSUS item 720.40.[3]

The Customs Court held: (1) The articles cannot be classified as watch dials because the watches in which they are used do not contain a watch or clock movement, as required by schedule 7, part 2, subpart E, headnote 1; (2) that the articles are used in watches does not dictate that this VLED display be classified differently from all other VLED displays, the latter being classified under item 685.70.[4]

---

[1] The Honorable Morgan Ford, Judge, U.S. Customs Court, sitting by designation.

[2] Item 685.70  Bells, sirens, indicator panels, burglar and fire alarms, and other sound    4% ad val.
or visu 1 signaling apparatus, all the foregoing which are electrical, and parts thereof.

\*       \*       \*       \*       \*       \*       \*

[3] Schedule 7, part 2, subpart E subpart E headnotes:
1. This subpart covers watches and clocks, time switches and other timing apparatus with clock of watch movements, and parts of these articles.

\*       \*       \*       \*       \*       \*       \*

Dials and parts thereof:
Watch and clock dials:
720.40          Under 1.77 inches in width_____ 1.2¢ each + 22.5%
ad val.

[4] The Customs Court also expressed the view that the basic identifying characteristic of a watch or clock dial is the presence of graduations from which the passage of time can be ascertained. We need not and do not so determine.

OPINION

■ We agree with the Customs Court that classification under item 720.40 is improper because the watches in which the articles are used do not contain a watch or clock movement as required by subpart E, headnote 1, and that use of the imported article with watches did not require classification different from other VLED displays. The parties stipulated that if classification under item 720.40 were improper, the articles should be classified under item 685.70.[5]

The judgment of the Customs Court is *affirmed*.

(C.A.D. 1244)

---

[5] In *United States* v. *Texas Instruments*, 67 CCPA ——, C.A.D. 1244, 620 F. 2d 272 (1980), decided of even date, this court affirmed the Customs Court decision that integrated circuit devices are not parts of watch or clock movements, because they contain no mechanism for the transfer of motion.