**COMPUTIME, INC., Plaintiff,**

v.

**The UNITED STATES, Defendant.**

Court No. 83–4–00596.

United States Court of
International Trade.

Nov. 6, 1984.

Soller, Singer & Horn, Margaret H. Sachter, New York City, for plaintiff.

Richard K. Willard, Acting Asst. Atty. Gen., Joseph I. Liebman, Atty. in Charge, Intern. Trade Field Office, Washington, D.C., Jerry P. Wiskin, New York City, for defendant.

*Memorandum Opinion and Order*

DiCARLO, Judge.

Plaintiff made three entries of electronic liquid crystal display watches in November, 1981, and January, 1982. Some of the watches had plastic cases and plastic watch bands and the remainder had metal cases and metal watch bands.

The watches were classified under item 715.05, Tariff Schedules of the United States (TSUS). Item 715.05 carries no assessment itself, but rather requires assessment of "rates applicable to the [watch] cases, plus ... the rates applicable to the movements...." Thus, the "watch movements" were classified under item 716.183, TSUS, and the "watch cases" under item 720.28, TSUS, at various rates of duty depending on the date of entry. The metal watch bands were classified as "watch bracelets" under item 740.34, TSUS, at 29.8 percent (1981) and 27.1 percent (1982) ad valorem, and the plastic watch bands were classified as "articles not specially provided for, of rubber or plastic ... Other" under item A774.559, TSUS, duty free. The entries were liquidated in January and April, 1982.

Protests were timely filed on January 5 and June 24, 1982, and read in pertinent part:

1) We wish to protest the classification of the watch modules under 716.18 of the TSUSA.

2) We feel the proper classification is 688.45 of the TSUSA.

3) We wish to refer to Customs Court No. 80–10–01666[1] which is supportive of our claim.

---

1. *Texas Instruments, Inc. v. United States,* 1 CIT 236, 518 F.Supp. 1341 (1981), *aff'd,* 69 CCPA 136, 673 F.2d 1375 (1982) held that electronic "watch modules" and the "plastic cases into which the solid state electronic modules ... are fitted and retained," 1 CIT at 238, 518 F.Supp. at 1342, are properly classified under item 688.45, TSUS. There was no consideration of the "watch modules", "watch cases", and watch bands as entireties.

Customs decided these protests on June 11 and 29, 1982, and reclassified both the "watch modules" and the "watch cases" under item 688.45, TSUS, as "electrical articles ... not specially provided for ... Other" at 5.1 percent (1981) or 4.9 percent (1982) ad valorem. The entries were reliquidated in July, 1982.

On September 8, 1982, plaintiff filed the protests at issue. These protests read in pertinent part:

> Watch bands imported as an integral part of Electronic LCD watches.

> We hereby protest the classification of the watchbands imported as an integral part of LCD Electronic watches under TSUS # 740.350. Since we believe this should be considered an entirety part of Electronic Items under TSUS # 688.455.

> In support of this claim we refer you to C.D. 4810[2] and the decision by the U.S. Customs court on March 25, 1982.[3]

Customs denied these protests October 26, 1982.

On April 22, 1983, plaintiff filed a summons in this Court under 28 U.S.C. § 1581(a) and section 514 of the Tariff Act of 1930, as amended, 19 U.S.C. § 1514 (1982), challenging the denial of the September, 1982 protests. Plaintiff filed its complaint March 27, 1984.

Defendant has moved to dismiss the action for lack of jurisdiction, contending that plaintiff's protests of the classification of the "watch modules" in January and June, 1982, did not challenge the classification of the watch bands and classification of the watch bands became final 90 days after liquidation under subsections 514(a) and (c). Plaintiff claims that its January and June, 1982 protests did challenge the classification of the watch bands.

Regardless of whether plaintiff's January and June, 1982 protests of the classification of the "watch modules" challenged the classification of the metal watch bands, the September, 1982 protests were invalid and the Court does not have jurisdiction to consider their denial by Customs.

If, as plaintiff asserts, the protests of the "watch modules" contested the classification of the metal watch bands, then plaintiff's remedy was to file an action in this Court within 180 days of notice of the denials, 28 U.S.C. § 2636(a), i.e. January 12 and 29, 1983, not file another set of protests, as plaintiff did in September, 1982. Section 514(c)(1) states that "[o]nly one protest may be filed for each entry of merchandise, except that where the entry covers merchandise of different categories, a separate protest may be filed for each category." See F.W. Woolworth Co. v. United States, 26 CCPA 157, C.A.D. 10 (1938); Ataka America, Inc. v. United States, 79 Cust.Ct. 135, C.D. 4724 (1977).

If, as defendant asserts, the earlier protests did not contest the classification of the metal watch bands, the protests now before the Court are invalid since section 514(d) prohibits the protest of a question outside the scope of the reliquidation. Plaintiff's argument that it protested the classification of the metal watch bands in its January and June, 1982 protests concedes that such protests could have been made when the entries were originally liquidated. If plaintiff could have made such protests at that time, it was required to make them.

"[I]ssues which could have been raised at the time an entry was originally liquidated are not opened up for protest by reason of a reliquidation which fails to disturb the collector's previous determination in respect thereto." Pistorino & Co. v. United

**2.** *Texas Instruments, Inc. v. United States,* 82 Cust.Ct. 272, 475 F.Supp. 1183 (1979) *aff'd* 67 CCPA 59, C.A.D. 1244, 620 F.2d 269 (1980), held that integrated circuits used in solid state electronic watches are properly classified as transistors and other related electronic crystal components rather than as subassemblies for watch movements.

**3.** This apparently refers to *Texas Instruments, Inc. v. United States,* 1 CIT 236, 518 F.Supp. 1341 (1981), *aff'd,* 69 CCPA 136, 673 F.2d 1375 (1982), affirmed in the Court of Customs and Patent Appeals on that date.

*States*, 71 Cust.Ct. 166, 167, C.D. 4491 (1973); *see F.W. Woolworth Co. v. United States*, 26 CCPA 157, C.A.D. 10 (1938).

Classification of the watch bands becomes final under subsections 514(a) and (c) where the plaintiff fails to protest the classification within 90 days of liquidation.

■ This Court has jurisdiction under 28 U.S.C. § 1581(a) only if the plaintiff filed a valid protest under section 514. *Lowa, Ltd. v. United States*, 5 CIT —, 561 F.Supp. 441 (1983), *aff'd*, 724 F.2d 121 (Fed. Cir.1984); *Audiovox Corp. v. United States*, 8 CIT —, 598 F.Supp. 387 (1984). As the September, 1982 protests were invalid, the Court does not have jurisdiction to consider their denial by Customs.

IT IS HEREBY ORDERED that defendant's motion to dismiss is granted.