**BELFONT SALES CORP., Plaintiff,**

v.

**The UNITED STATES, Defendant.**

**Court No. 81–12–01724–S.**

United States Court of International Trade.

Oct. 11, 1988.

Stephen R. Sosnov, Norristown, for plaintiff.

John R. Bolton, Asst. Atty. Gen., Washington, D.C., Joseph I. Liebman, Atty. in Charge, Intern. Trade Field Office, Commercial Litigation Branch, U.S. Dept. of Justice, New York City, James A. Curley, Washington, D.C., for defendant.

## OPINION & ORDER

AQUILINO, Judge:

Entry of judgment in this case in accordance with the court's slip op. 87–90, 11 CIT ——, 666 F.Supp. 1568 (1987), has spawned four related motions by the defendant, the primary one of which prays for "modification and amendment of the judgment ... and for reconsideration and/or rehearing or retrial."

### I

Slip op. 87–90, familiarity with which is presumed herein, set forth the court's findings of fact and conclusions of law after trial, including a finding that a quartz analogue watch or "QAW" does contain a watch movement, when viewed in the light of *Texas Instruments, Inc. v. United States,* 82 Cust.Ct. 272, C.D. 4810, 475 F.Supp. 1183 (1979), *aff'd,* 620 F.2d 269, 67 CCPA 59 (1980); *Texas Instruments Inc. v. United States,* 82 Cust.Ct. 287, C.D. 4811, 475 F.Supp. 1193 (1979), *aff'd,* 620

F.2d 272, 67 CCPA 57 (1980); and *Texas Instruments Inc. v. United States,* 1 CIT 236, 518 F.Supp. 1341 (1981), *aff'd,* 673 F.2d 1375, 69 CCPA 136 (1982). The QAWs in the case had been classified under TSUS item 715.05 ("Watches"), with duties assessed pursuant to items 716.27 or 716.29 under the heading

Watch movements ... Not adjusted, not self-winding (or if a self-winding device cannot be incorporated therein), and not constructed or designed to operate for a period in excess of 47 hours without rewinding.

That heading, however, led the court to conclude that, in contrast to the Tariff Act of 1930,

Schedule 7 of the TSUS directly tied the watch-movement provisions not only to "constructed or designed to operate for a period in excess of 47 hours without rewinding" per item 719, but also to "not constructed or designed to operate for a period in excess of 47 hours without rewinding" per the heading to the items apposite herein ... and apparently precluded the classification under those provisions of watches that are rewound.[1]

The defendant argues in the main in its present motion for rehearing that the fact that the QAWs are not susceptible to winding or rewinding does not prevent their classification under items 716.27 or 716.29 and that electrically-powered watch movements had been classifiable under paragraph 367 of the 1930 act and that subsequent legislative history shows that Congress intended those movements to continue to be classified under TSUS item 716, a counterpart of the earlier paragraph.

■ These points, however, were made by the defendant and carefully analyzed by the court at the time of trial, a fact admitted now by the defendant[2] which nonetheless contends that

[a]fter extensive further research it appears that the Court's construction of the language of the heading is contrary to

1. 11 CIT at ——, 666 F.Supp. at 1572. The evidence in the case showed that a QAW is never wound and that its battery life expectancy is one year or more.

2. *See, e.g.,* Defendant's Memorandum in Support of its Motion to Modify and Amend the Judgment, and for Reconsideration and/or a Rehearing or Retrial, p. 2.

the intent of Congress and inconsistent with appellate court decisions which have construed similar provisions with negative limitations of the sort found in the heading.[3]

But the purpose of a rehearing is not to relitigate. *See, e.g., BMT Commodity Corp. v. United States,* 11 CIT ——, ——, 674 F.Supp. 868, 869 (1987). Rather, a rehearing is a

> method of rectifying a significant flaw in the conduct o[f] the original proceeding. *W.J. Byrnes & Co. v. United States,* 68 Cust.Ct. 358, 358, C.R.D. 72–5 (1972). The exceptional circumstances for granting a motion for rehearing are well established:
>
> (1) an error or irregularity in the trial; (2) a serious evidentiary flaw; (3) a discovery of important new evidence which was not available at the time of trial; or (4) an occurrence at trial in the nature of an accident or an unpredictable surprise or unavoidable mistake which impaired a party's ability to adequately present its case.

*North Am. Foreign Trading Corp. v. United States,* 9 CIT 80, 80, 607 F.Supp. 1471, 1473 (1985), *aff'd,* 4 Fed.Cir.(T) 43, 783 F.2d 1031 (1986); *Oak Laminates d/o Oak Materials Group v. United States,* 8 CIT 300, 302, 601 F.Supp. 1031, 1033 (1984), *aff'd,* 4 Fed.Cir.(T) 43, 783 F.2d 195 (1986); *V.G. Nahrgang Co. v. United States,* 6 CIT 210, 211 (1983) [available on WESTLAW, 1983 WL 2203]. In ruling on a petition for rehearing, a court's previous decision will not be disturbed unless it is "manifestly erroneous." *United States v. Gold Mountain Coffee, Ltd.,* 9 CIT 77, 78 (1985); *United States v. Gold Mountain Coffee, Ltd.,* 8 CIT 336, 336–37, 601 F.Supp. 212, 214 (1984).

*RSI (India) Pvt., Ltd. v. United States,* 12 CIT ——, 688 F.Supp. 646, 647 (1988).

Even if this were not the well-settled law governing a motion for rehearing, and even if the court were convinced of the merit of defendant's present motion[4], the court is not persuaded that it has jurisdiction.

Defendant's motion states that it is predicated upon CIT Rule 59 and 28 U.S.C. §§ 2645 and 2646. Subparagraph (b) of the rule requires that a motion for rehearing be served and filed not later than 30 days after entry of a judgment.[5]

The motion herein was filed with the Clerk of the Court on the 31st day after entry of the judgment[6], bearing a certifi-

---

**3.** *Id.*

**4.** The defendant claims that cases like *United States v. European Watch & Clock Co.,* 13 Cust. Ct.App. 522, T.D. 41393 (1926), and *United States v. Bartiromo,* 9 Cust.Ct.App. 183, T.D. 38003 (1919), support its position that the fact that the QAWs are not susceptible to winding or rewinding does not prevent their classification under the contested items. However, there is no indication that the tariff classifications at issue in those earlier cases had provisions for other than negative limitations. For example, in *European Watch,* the provision only covered "[s]nap fasteners ... not plated with gold, silver, or platinum, and not mounted on tape". The fact that the fasteners under review were incapable of being mounted did not make them any less "not mounted" under the provision.

By comparison, TSUS Schedule 7 includes provisions containing the negative limitation as well as language to the contrary, namely, "not designed or constructed to operate in excess of 47 hours without rewinding" and "designed or constructed to operate in excess of 47 hours without rewinding". The focus of both provisions is "rewinding"—the watches must be re-

wound either within or beyond 47 hours—and the necessary implication is thus that Schedule 7 applies to watches with movements that are susceptible to winding. This implication is reinforced by the plain meaning of the prefix "re", and the instructive legislative history brought now to the court's attention by the defendant does not undermine the conclusion that items *716.27 and 716.29 do not cover the QAW.*

**5.** Subparagraph (e) of the rule also has a 30–day deadline for the making of a motion to amend a judgment, as does subsection (b) of 28 U.S.C. § 2645, and section 2646 of the statute prescribes the same amount of time for a motion for retrial or rehearing.

**6.** The 30th day after entry was a Sunday, thereby calling into account CIT Rule 6(a), which provides for the computation of time, in pertinent part, as follows:

> In computing any period of time prescribed or allowed by these rules, ... or by any applicable statute, the day of the act, event, or default from which the designated period of time begins to run shall not be included. The last day of the period so computed shall be

cate of counsel to the effect that service had been effectuated by hand delivery upon plaintiff's attorney. The defendant has since interposed a motion for leave to file a corrected certificate of service on the grounds that "plaintiff's attorney was actually served ... by sending the motion papers by ordinary mail addressed to his office" and that the "incorrect certificate was attached to the motion papers by a clerical error."

■ This related motion to set the record straight on the method of service is hereby granted, but the clarification of the matter also clarifies the response of the plaintiff[7] that the motion for rehearing was received three days after it had been mailed[8]—or too late under the rules for the court to exercise jurisdiction thereon.

One of the rules, number 5(g), provides that service of such a motion

> by delivery or by mailing is completed when received, except that a ... paper mailed by registered or certified mail properly addressed to the party to be served ..., with the proper postage af-

fixed and return receipt requested, shall be deemed served ... as of the date of mailing.

As already indicated, the papers now before the court show that the defendant effectuated service by regular, as opposed to registered or certified, mail. Such an approach is, of course, permissible—under Rule 5(b). In fact, defendant's experienced counsel has filed an affidavit to the effect that service by ordinary mail on or about the date of filing, with *ex post facto* receipt by the opposing side, is a common practice among the bar.[9]

While this practice may be common (and may be a violation of both the letter and the spirit of the traditional requirement(s) of service first and then filing), the real issue posited by the plaintiff is the effect of that practice here. Unlike Federal Rule of Civil Procedure ("FRCivP") 5(b), which states that "[s]ervice by mail is complete upon mailing", the operative rule in this Court (quoted above) is that service by mailing is completed when received, except when registered or certified mail is used.

---

included, unless it is a Saturday, Sunday, or a legal holiday, ... in which event the period runs until the end of the next day which is not one of the aforementioned days.

**7.** That response *sub nom.* Plaintiff's Answer to Defendant's Motion to Modify and Amend the Judgment, and for Reconsideration and/or a Rehearing or Retrial and Plaintiff's Memorandum sur Question of Jurisdiction and in Opposition to Defendant's Motion was served according to its certificate of service by certified mail, with proper postage affixed and return receipt requested, on the 32nd day after receipt of defendant's papers, in part in conformity with the provision of CIT Rule 6(a), *supra* note 6.

The defendant has interposed a motion for leave to reply to the response wherein it correctly points out that, under CIT Rule 7(d), leave is not required to file a reply in support of a dispositive motion. On the other hand, the defendant takes the position that its motion for rehearing is not a dispositive one and that the plaintiff was therefore untimely since Rule 7(d) prescribes only ten days for response to nondispositive motions.

Defendant's dilemma is apparently based on CIT Rule 7(g), which defines dispositive motions to include:

motions for judgment on the pleadings; motions for summary judgment; motions for judgment upon an agency record; motions to

dismiss an action; and any other motion for a final determination of an action.

In this court's view, a motion for rehearing pursuant to CIT Rule 59, depending on its content, can be either dispositive within the foregoing definition or not. *Compare, e.g., Navajo Tribe of Indians v. United States*, 597 F.2d 1362, 1366, 220 Ct.Cl. 117 (1979) (*en banc*) ("[t]here may be motions that do not fit explicitly within any of [the Court of Claims Rule 52(a) categories of dispositive motions] but which nevertheless must be viewed as dispositive because of the effect the ruling on them will have upon the case") *with* USCIT Procedural Handbook, § 30, p. 40 (Jan. 1, 1986 ed.) ("a motion for rehearing is non-dispositive").

In essence, the defendant prays for a final, albeit different, determination herein, hence plaintiff's response was timely and defendant's motion for leave to reply is unnecessary under the Rules of this Court of International Trade.

**8.** *Compare, e.g.,* Affidavit of Steven R. Sosnov appended to Plaintiff's Answer to Defendant's Motion to Modify and Amend the Judgment, and for Reconsideration and/or a Rehearing or Retrial *with* Defendant's Motion for Leave to File a Corrected Certificate of Service for its Motion for Reconsideration or Rehearing.

**9.** *See generally* Affidavit of Joseph I. Liebman appended to Defendant's Contingent Motion for Extension of Time to File Notice of Appeal.

Thus, service was not completed in this case until after the deadline had passed to invoke the court's jurisdiction.

■ The defendant argues in its reply papers that neither the statute nor the rules relied on in making its motion for rehearing required that the plaintiff have received the papers before filing or that service have been completed by then. In other words, since the filing was timely, the motion was "made" within the meaning of 28 U.S.C. §§ 2645(b) and 2646.[10] The defendant refers to *Minkap of California, Inc. v. United States*, 55 CCPA 1, C.A.D. 926 (1967), wherein the court of appeals relied on the Customs Court Rule 6(a), providing for rehearing motions, in interpreting the controlling statutory provision, 28 U.S.C. § 2640 (1966), which also required that such motions be made within 30 days of the contested decision. That is, the rule required "filing" within that period, and the court of appeals thus concluded that mailing by the end of that time, with later filing, did not constitute making within the meaning of the statute.

Were this still the rule today, defendant's position in this case would be well-taken, but the Customs Court rule only referred to filing, while CIT Rule 59(b) explicitly requires service and then filing, each not later than 30 days after the entry of judgment.

The defendant is correct in arguing that court rules cannot enlarge or restrict jurisdiction beyond that which is provided by statute. *Cf.* CIT Rule 1; FRCivP 82. However, rather than going beyond a requirement Congress has imposed, the rules under consideration here set forth procedures which complement the underlying purpose of the statute's strict time limit, to wit, the promotion of finality of judgments. *See* 11 Wright & Miller, Federal Practice and Procedure § 2812 at 87. Moreover, court rules may prescribe practice in the absence of a statutory provision. *See, e.g., Browder v. Director, Dep't of Corrections of Illinois*, 434 U.S. 257, 267–72, 98 S.Ct. 556, 562–65, 54 L.Ed.2d 521 (1978). Indeed,

28 U.S.C. § 2633 provides, in part, as follows:

> (b) The Court of International Trade shall prescribe rules governing the summons, pleadings, and other papers, for their amendment, service, and filing, for consolidations, severances, suspensions of cases, and for other procedural matters.

> (c) All summons, pleadings, and other papers filed in the Court of International Trade shall be served on all parties in accordance with rules prescribed by the court. . . .

A provision in the predecessor statute, the Customs Courts Act of 1970, Pub.L. No. 91–271, § 113, 84 Stat. 274, 279 (1970), authorized the Customs Court to "provide by rule for pleadings and other papers, for their amendment, service, and filing. . . ." At issue in *United States v. Fairfield Gloves*, 558 F.2d 1023, 64 CCPA 126 (1977), was such a rule adopted by the court, namely, Rule 3.2(b) deeming a summons sent by registered or certified mail filed as of the date of the postmark "[f]or purposes of commencement of an action". *Cf.* 28 U.S.C. § 2632 (1980); CIT Rules, Title II. The court of appeals rejected a government contention that the rule, permitting an action to be commenced through the mailing of a summons, rather than receipt by the court, within the statutory period, impermissibly attempted to expand the court's jurisdiction. The opinion noted that "[c]ivil actions may be 'commenced' in courts by means other than 'filing' or filing with the court." 558 F.2d at 1026, n. 4.

In a similar vein, the requirement that a motion be "made" pursuant to 28 U.S.C. § 2645(b) or § 2646 means more than just filing. Under analogous FRCivP 59, service is "critical" in determining the timeliness of motions made pursuant thereto. *E.g., Peake v. First National Bank & Trust Co. of Marquette*, 717 F.2d 1016, 1019 n. 5 (6th Cir.1983). And it is appropriate for this court to consider judicial construction of that analogous rule in construing its rule. *See, e.g.,* CIT Rule 1; *Sumito-*

---

**10.** CIT Rule 5(b) also uses the word "made" viz. "[s]ervice upon the attorney or upon the party shall be made by delivering a copy to him or by mailing it to him . . ." etc.

*mo Metal Industries, Ltd. v. Babcock & Wilcox Co.,* 669 F.2d 703, 705 n. 3, 69 CCPA 75 (1982). For example, in *Kruse v. Zenith Radio Corporation,* 82 F.R.D. 66, 69 (W.D.Pa.1979), the court concluded that it was "without any power" to address a motion for retrial due to lack of service within the required period of time, notwithstanding the fact that the motion had been timely filed:

> ... Service beyond the prescribed ... period divests the Court of the power to entertain any such delinquent new trial motion. 82 F.R.D. at 68.

In *Kincak v. Heckler,* 596 F.Supp. 1162 (W.D.Pa.1984), the court denied a government motion to alter the judgment on the ground that it had been served three days beyond the mandatory time limit of FRCivP 59(e).

Quite properly, the defendant itself has often successfully opposed requested relief or obtained dismissal of actions where adversaries have failed to meet time requirements. *E.g., United States v. Torch Manufacturing Co.,* 509 F.2d 1187, 62 C.C.P.A. 41 (1975); *Former Employees of ITT v. Secretary of Labor,* 12 CIT ——, Slip Op. 88–121 (Sept. 12, 1988) [available on WEST-LAW, 1988 WL 95919]; *Rhone Poulenc, Inc. v. United States,* 12 CIT ——, 694 F.Supp. 1579 (1988); *Nature's Farm Products, Inc. v. United States,* 10 CIT 676, 648 F.Supp. 6 (1986), *aff'd,* 819 F.2d 1127 (Fed.Cir.1987). In *Georgetown Steel Corporation v. United States,* 801 F.2d 1308 (Fed.Cir.1986), the plaintiff had sent a complaint to the Clerk of this Court by certified mail within 30 days of the filing of the summons, but the Postal Service returned it for insufficient postage. Upon return, the plaintiff remailed the complaint accompanied by a motion for leave to file it out of time, which was opposed by the government. On appeal, the court held that the plaintiff had not met the "plain and unambiguous" requirements for commencing an action, that is, it had " 'failed to fulfill an

explicit condition under Rule 5(g) for date of mailing filing.' " 801 F.2d at 1311, quoting from *NEC Corp. v. United States,* 9 CIT 557, 622 F.Supp. 1086 (1985), *reh'g denied,* 10 CIT ——, 628 F.Supp. 976 (1986).

> ... [T]he terms and conditions upon which the United States has waived its sovereign immunity in consenting to be sued in the Court of International Trade ... must be strictly observed and are not subject to implied exceptions. *Lehman v. Nakshian,* 453 U.S. 156, 161 [101 S.Ct. 2698, 2702, 69 L.Ed.2d 548] (1981). If a litigant fails to comply with the terms upon which the United States has consented to be sued, the court has no "jurisdiction to entertain the the the suit." [11]

There being no jurisdiction here, the court has no alternative but to dismiss defendant's motion for rehearing.

## II

In addition to seeking rehearing on the merits as discussed above, defendant's motion also suggests that the court's en-captioning of slip op. 87–90 and the resultant judgment as a "consolidated" case was erroneous and requests that the reference be stricken from the opinion and judgment.

Upon reflection, the court is persuaded that the defendant has correctly focused on a clerical mistake within the meaning of CIT Rule 60(a).[12] There are innumerable pending actions which raise the substantive issues posed herein, a few of which were consolidated for purposes of pretrial preparations. Of that group, the above-entitled action was designated a test case within the meaning of CIT Rule 84(b) and subsequently tried. Trial did not encompass, however, any of the other actions consolidated. Hence, slip op. 87–90 is hereby deemed corrected to reflect this fact, and the word "consolidated" in the judgment will be deleted.

\* \* \* \* \* \*

---

11. 801 F.2d at 1312, quoting *United States v. Mitchell,* 445 U.S. 535, 538, 100 S.Ct. 1349, 1351, 63 L.Ed.2d 607 (1980) (quoting from *United States v. Sherwood,* 312 U.S. 584, 586, 61 S.Ct. 767, 769, 85 L.Ed. 1058 (1941)).

12. This rule states that such a mistake "may be corrected by the court at any time on its own initiative".

The defendant had 60 days from the date of entry of the judgment in which to file a notice of appeal per 28 U.S.C. § 2107 and § 2645(c). The latter subsection states:

A decision of the Court of International Trade is final and conclusive, unless a retrial or rehearing is granted pursuant to section 2646 of this title or an appeal is taken to the Court of Appeals for the Federal Circuit by filing a notice of appeal with the clerk of the Court of International Trade within the time and in the manner prescribed for appeals to United States courts of appeals from the United States district courts.

Independent of any effect on time of its motion for rehearing, defendant's statutory period in which to appeal has expired, and it has interposed a Contingent Motion for Extension of Time to File Notice of Appeal pursuant to Rule 4(a)(5) of the Federal Rules of Appellate Procedure, which provides, in part:

The district court, upon a showing of excusable neglect or good cause, may extend the time for filing a notice of appeal upon motion filed not later than 30 days after the expiration of the [60 days] prescribed by this Rule 4(a).... No such extension shall exceed 30 days past such prescribed time or 10 days from the date of entry of the order granting the motion, whichever occurs later.

Defendant's motion has been made within 30 days after expiration of its 60–day period in which to appeal. Counsel express uncertainty therein as to the tolling of the time in view of plaintiff's position on the motion for rehearing. Indeed, it is even more doubtful that excision of the clerical mistake from the judgment, with the resultant filing of an amended one, will start the running of a new period to appeal. *See, e.g., Archer v. Lynaugh*, 821 F.2d 1094, 1096–97 (5th Cir.1987); *International Controls Corp. v. Vesco*, 556 F.2d 665, 670 (2d Cir.1977), *cert. denied*, 434 U.S. 1014, 98 S.Ct. 730, 54 L.Ed.2d 758 (1978). In any event, the court concludes that, although plaintiff's position prevails on the issue of jurisdiction for rehearing, defendant's opposing viewpoint is of sufficient moment to constitute good cause within the meaning of Rule 4(a)(5), *supra*, for not having filed an appeal. That is, since this opinion appears to be one of first impression on Point I, grant of an extension of time is appropriate. *Cf. Washington International Insurance Co. v. United States*, 12 CIT ——, 681 F.Supp. 883 (1988).

An amended judgment will be filed. Defendant's motion for extension of time to file a notice of appeal is granted in accordance with Federal Rule of Appellate Procedure 4(a)(5), and defendant's other, related motions, including the one for rehearing, are disposed of in accordance with the foregoing opinion.

SO ORDERED.

## AMENDED JUDGMENT

This case having been duly submitted for decision, and the court, after due deliberation, having rendered a decision herein; Now, therefore, in conformity with said decision, it is hereby

ORDERED, ADJUDGED and DECREED that the merchandise imported under cover of the entry that is the basis of this case is correctly classifiable under item 688.45, TSUS; and it is further

ORDERED, ADJUDGED and DECREED that the United States Customs Service reliquidate the aforesaid entry under item 688.45, TSUS at the rate of duty in effect at the time thereof and refund any excess duties paid, together with interest, as provided by law.