E. GLUCK CORP., A/K/A ARMITRON CORP., PLAINTIFF *v.* UNITED STATES, DEFENDANT

Court No. 86–01–00032

MEMORANDUM AND ORDER

(Dated October 27, 1989)

*Serko & Simon (Leibert L. Greenberg)* for the plaintiff.
*Stuart E. Schiffer,* Acting Assistant Attorney General; *Joseph I. Liebman,* Attorney in Charge, International Trade Field Office, Commercial Litigation Branch, U.S. Department of Justice *(James A. Curley)* for the defendant.

AQUILINO, *Judge:* This action was suspended pursuant to CIT Rule 84 under *Belfont Sales Corp.* v. *United States,* 11 CIT 541, 666 F.Supp. 1568 (1987), *reh'g denied,* 12 CIT 916, 698 F. Supp. 916 (1988), *aff'd,* 878 F.2d 1413 (Fed. Cir. 1989), a test case. That case is now final, and this action thus has been placed on a suspension disposition calendar established pursuant to CIT Rule 85(a) along with some 600 other actions similarly situated.[1]

The deadline for removal from that calendar is December 14, 1989, and plaintiff's counsel have interposed a motion to extend the time for removal of this action (and of some 25 other actions) until June 14, 1990. The motion states that

> additional time is necessary to enable the plaintiff's counsel to continue the individual examination of each of the civil actions * * * for submission on an agreed statement of facts under the provision of USCIT R. 58.1.

---

[1] *Cf.* Defendant's Response to Plaintiff's Motion for Extension of Time, Exhibit A, p. 1.

Four areas of difficulty in achieving this stated goal are referred to, and were discussed further by counsel for both sides during a subsequent scheduling conference with the court.

While the discussion was constructive, the court cannot grant the motion presently at hand. Simply stated, it does not make a sufficient showing that some or all of the actions encompassed therein cannot be disposed of in the time already allotted.

As indicated at the scheduling conference, the court favors efficient resolution of actions under the rules and will work with opposing counsel who pursue their responsibilities to that end with due diligence. Of course, Rule 85(c) provides:

> *Removal.* An action may be removed from the Suspension Disposition Calendar upon: (1) filing of a complaint, (2) filing of a demand for an answer when a complaint previously was filed, (3) granting of a motion for consolidation pursuant to Rule 42, (4) granting of a motion for suspension under another test case pursuant to Rule 84, (5) filing of a stipulation for judgment on an agreed statement of facts pursuant to Rule 58.1, (6) granting of a dispositive motion, (7) filing of a request for trial, or (8) granting of a motion for removal.

But these prescribed avenues of removal are not equally expeditious. Suffice it to state for now that whichever path is chosen for a given action must be supportable, both as a matter of due diligence and on the facts and the law underlying that particular matter. Otherwise, the action may be subject to dismissal for lack of prosecution. *See, e.g., Men's Wear International, Inc.* v. *United States,* 13 CIT 817, Slip Op. 89–142 (Oct. 13, 1989).

Be that as it may, the motion now to extend the time for removal from the suspension disposition calendar must be, and it therefore hereby is, denied.[2]

---

[2]This denial is without prejudice to renewal upon an adequate showing that counsel have conducted "reasonable inquiry" of the kind contemplated by CIT Rule 11 and that, after such review and consideration, the Rule 1 goal of a just, speedy, and inexpensive determination of every action would be furthered by grant of an extension of time.