FADA INDUSTRIES, INC., PLAINTIFF  v.  UNITED STATES, DEFENDANT

Court No. 84-11-01610  etc.

(Decided September 7, 1990)

*Soller, Singer & Horn* (*Clarence J. Erickson*) for the plaintiff.
*Stuart M. Gerson*, Assistant Attorney General; *Joseph I. Liebman*, Attorney in Charge, International Trade Field Office, Commercial Litigation Branch, U.S. Department of Justice (*James A. Curley*) for the defendant.

AQUILINO, *Judge*: The plaintiff has presented the court with a motion to rescind orders of dismissal of the above action and some 12 others and to reinstate them on a suspension disposition calendar under *Belfont Sales Corp. v. United States*, 11 CIT 541, 666 F. Supp. 1568 (1987), *reh'g denied*, 12 CIT 916, 698 F. Supp. 916 (1988), *aff'd*, 878 F.2d 1413 (Fed.Cir. 1989), a test case which is now final. The defendant does not object to grant of the motion, but its stance is not automatically dispositive.

The motion states that the covered actions were "dismissed in error on August 9, 1990, pursuant to Rule 85(d)." That rule provides, in pertinent part:

> *Dismissal for Lack of Prosecution.* An action not removed from the Suspension Disposition Calendar within the established period shall be dismissed for lack of prosecution, and the clerk shall enter an order of dismissal without further direction of the court * * *.

The Clerk correctly carried out the mandate of this rule based upon the following circumstances: The suspension disposition calendar was established in September 1989, and some 600 actions, including those at bar, were placed on it for a period of 90 days. Thereafter, motions to extend the time were made and granted, as appropriate. The plaintiff filed a third such motion, which was decided by the court in an unpublished decision dated June 25, 1990 and stating:

> * * * The motion indicates that proposed stipulation(s) on agreed statement(s) of fact(s) have been submitted to the defendant, but it

does not state when or explain what, if any, steps have been taken since then or why the past months have not been enough to dispose of the covered actions.

If the cause of the delay is the defendant, it makes no effort to explain; it simply consents to the motion.

The court cannot grant the relief requested in such a vacuum. No attempt is made to address the concerns indicated in *E. Gluck Corp. v. United States*, 13 CIT 922, Slip Op. 89-154 (Oct. 27, 1989), and 14 CIT 271, Slip Op. 90-39 (April 19, 1990), and at a subsequent hearing in open court therein on April 30, 1990. There is no showing that the parties are fulfilling their obligations with the degree of diligence required under the circumstances. Thus, the court concludes that the actions covered by plaintiff's motion may only remain on the suspension disposition calendar until July 31, 1990. If by that time the actions have not been disposed of, judgments may be entered therein against the party in default.

When the actions had not been disposed of by July 31st, the Clerk dismissed them in accordance with this decision and the above rule.

In addition to references to the filing of the proposed stipulation(s) and judgment(s) and to the foregoing decision, plaintiff's counsel state the following in their motion:

In our August 1, 1990 letter to Judge Aquilino on behalf of Plaintiff, * * * we detailed the history of this case, including plaintiff's diligent prosecution of this action since its inception. Most recently, we have supplied all documents requested by defendant and have moved for extensions of time solely to preserve plaintiff's rights in this matter.

In our August 1st letter, we requested that the June 25, 1990[ ] order be complied with and judgment be entered in favor of the plaintiff. We alternatively requested that the actions not be removed from the Suspension Disposition Calendar, pending final settlement.

\*         \*         \*         \*         \*         \*         \*

On several occasions the defendant has requested duplicates of old entry papers which were apparently missing from the court files. Plaintiff has continuously preserved its rights in these cases by complying promptly with each and every government request and, more significantly, by initiating most of the exchanges which have occurred between the parties in an effort to obtain final judgments in these cases.

Plaintiff has attempted to explain to the court that it can not force the government to enter judgments in these cases, which should have been entered by July 31, 1990. Plaintiff has performed all obligations on its part, yet is currently faced with the dismissal of these cases as a result of "failing to prosecute" these matters.

In other words, the plaintiff believes that the defendant, rather than itself, is the real party in default.

However, while the defendant may not have lived up to an October 5, 1989 commitment herein to do its "best to comply with the deadline imposed by the Court"[1], its procedural shortcomings do not necessarily protect its adversary. Indeed, each side has specific responsibilities, as well as rights. In *E. Gluck Corp. v. United States*, 13 CIT 922, 923, Slip Op. 89-154, at 2-3 (Oct. 27, 1989), this court sought to remind counsel for the plaintiffs in all of the suspended actions, including those at bar, of rights such as set forth in CIT Rule 85(c) and, at the same time, to warn them of the possible consequences of failing to proceed with proper care, citing as an example *Men's Wear International, Inc. v. United States*, 13 CIT 817, Slip Op. 89-142 (Oct. 13, 1989).

In this action, the court does not doubt that the plaintiff has been well-intentioned, in keeping with the goal of CIT Rule 1 of a just, speedy, and inexpensive determination, but it failed to preserve an opportunity for entry of judgment in its favor after July 31, 1990. Certainly, communications with opposing counsel (and the court) are informative, but they are not and were not protective of continuing viability of that opportunity. When formal, interlocutory relief becomes necessary, motions therefor must be presented in such a way as to convince the court that grant is appropriate. *Cf., e.g., Proceedings of the Second Annual Judicial Conference of the U.S. Court of Int'l Trade*, 111 F.R.D. 504, 586 (1985) (Aquilino, J.). Plaintiff's June 1990 motion was only partially successful in this regard, and its present motion for reinstatement, as quoted essentially *in toto* above, fails completely.

The plaintiff seeks, of course, judgment but has not set forth grounds upon which that relief could now be granted. Moreover, at this stage, the existence of grounds for reinstatement is not otherwise apparent, given the commencement of its uncomplicated actions in 1984 *et. seq.*, the first decision[2] of the test case in 1987, the placement of these actions on the suspension disposition calendar in 1989 after affirmance of the test case by the court of appeals, and the three grants of extensions of time (totalling more than 200 days in addition to the original 90) on that calendar for the actions at issue. *Cf. Melcher & Landau, Inc. v. United States*, 14 CIT 585, Slip Op. 90-82 (Aug. 28, 1990) (motion to amend stipulated judgment denied because it would have effect of extending deadline for remaining on suspension calendar). Hence, plaintiff's motion to rescind orders of dismissal of the above action and 12 others and to reinstate them on the suspension disposition calendar must be, and it hereby is, denied.

---

[1] Plaintiff's Motion to Rescind Order of Dismissal and For Reinstatement of Actions on the Suspension Disposition Calendar, Exhibit 2, p. 2.

[2] The court's opinion relied in significant part on precedents dating back to 1979.