A CLASSIC TIME, Branded Time Corp., Eastman Watch Co., F & K Watch Co., Inc., Omni Quartz, Ltd., Accutime Watch Corp., Delta Implex Watch Corp., and Anchor Time Corp., Plaintiffs–Appellants,

v.

The UNITED STATES, Defendant–Appellee.

Nos. 97–1062, 97–1061, 97–1060, 97–1059, 97–1058, 97–1057, 97–1056 and 97–1054.

United States Court of Appeals, Federal Circuit.

Sept. 2, 1997.

Steven R. Sosnov, Sosnov & Associates, Norristown, PA, argued, for plaintiffs-appellants. With him on brief, were Irving A. Mandel, and Jeffrey H. Pfeffer, New York City.

James A. Curley, Attorney, Commercial Litigation Branch, Department of Justice, New York City, argued, for defendant-appellee. With him on brief were Frank W. Hunger, Assistant Attorney General, and David M. Cohen, Director, Washington, DC, and Joseph I. Liebman, Attorney in Charge, International Trade Field Office, New York City.

Before MAYER, MICHEL, and RADER, Circuit Judges.

MAYER, Circuit Judge.

A Classic Time, Branded Time Corp., Eastman Watch Co., F & K Watch Co,. Inc., Omni Quartz, Ltd., Accutime Watch Corp., Delta Implex Watch Corp., and Anchor Time Corp. (collectively "Classic Time") appeal the judgment of the United States Court of International Trade, granting summary judgment for the United States. 942 F.Supp. 589 (Ct. Int'l Trade 1996). We affirm.

*Background*

The United States Customs Service required Classic Time to enter electrical timepieces under Schedule 7 of the Tariff Schedules of the United States, instead of Schedule 6, despite several contrary judgments pertaining to similar timepieces. *Texas Instruments, Inc. v. United States*, 518 F.Supp. 1341, 1 C.I.T. 236 (1981), *aff'd*, 69 C.C.P.A. 136, 673 F.2d 1375 (1982); *Belfont Sales Corp. v. United States*, 666 F.Supp. 1568, 11 C.I.T. 541 (1987), *reh'g denied*, 698 F.Supp. 916, 12 C.I.T. 916 (1988), *aff'd*, 878 F.2d 1413 (Fed.Cir.1989). After we affirmed *Belfont*, Customs liquidated Classic Time's entries under Schedule 7 and refunded the difference in duties between the two Schedules, without refunding the interest on this difference.

Classic Time filed a complaint in the Court of International Trade, alleging that Customs deprived it of property without due process of law by forcing Classic Time to tender excess duties under a higher tariff schedule, by not liquidating the entries or processing Classic Time's protests in the normal administrative fashion, and by depriving Classic Time of its property right to interest on duty refunds from the date the summons would have been filed. The United States filed a motion to dismiss the complaint for failure to state a claim under local Rule 12(b)(5). The Court of International Trade treated this motion as a motion for summary judgment, in light of evidence submitted by both parties, and granted the motion.

*Discussion*

On appeal, Classic Time once again argues that Customs deprived it of property without due process of law by not permitting entry of these goods under Schedule 6 in view of *Texas Instruments* and the trial court decision in *Belfont,* and that upon liquidation at the lower rate under Schedule 6, Customs was required to tender interest on the refund of excess estimated duties from the date the summons would have been filed. Since there are no factual disputes involved in this appeal, we review the summary judgment of the Court of International Trade for correctness as a matter of law. *Rollerblade, Inc. v. United States*, 112 F.3d 481, 483 (Fed.Cir. 1997). Our review is limited to the law as it existed prior to December 8, 1993, when Section 642 of the North American Free Trade Agreement Implementation Act amended the relevant interest accruing sections of Title 19. Pub.L. No. 103–182, 107 Stat. 2057 (codified as amended in scattered sections of 19 U.S.C.).

■ As the trial court explained, the Constitution does not provide a right to import merchandise under a particular classification or rate of duty. *Norwegian Nitrogen Products Co. v. United States*, 288 U.S. 294, 318, 53 S.Ct. 350, 359, 77 L.Ed. 796 (1933); *North American Foreign Trading Corp. v. United States*, 783 F.2d 1031, 1032 (Fed.Cir. 1986) ("No vested right to a particular classification or rate of duty or preference is acquired at the time of importation."). Nor does the Constitution require the government to pay interest on monies legally collected and held pending post-enforcement review, *cf. Bob Jones University v. Simon,* 416 U.S. 725, 747, 94 S.Ct. 2038, 2051, 40 L.Ed.2d 496 (1974), and any subsequent appellate proceedings. Thus, we agree that this case presents neither a violation of fundamental rights, nor a deprivation of property without due process.

■ Customs is under no constitutional or statutory obligation to accept a deposit of estimated duties that is based on the importer's own estimation, when Customs estimates otherwise. From the very beginning, Congress has set forth a clear scheme for the collection of duties on imports, which gives Customs, and not importers, the discretion to estimate duties. *See* 19 U.S.C. § 3 (1994)

("The Secretary of the Treasury shall direct the superintendence of the collection of the duties on imports as he shall judge best." * ); *see also id.* § 1505(a) (1984) ("the importer of record shall deposit with the appropriate customs officer at the time of making entry, or at such later time as the Secretary may prescribe by regulation (but not to exceed thirty days after the date of entry), the amount of duties estimated by such customs officer to be payable thereon."). We have consistently interpreted these sections of Title 19 to mean that the Secretary, and through him the Commissioner, has the "discretionary authority to determine when, how, and how much duty is to be collected." *National Corn Growers Ass'n v. Baker,* 840 F.2d 1547, 1554–55 (Fed.Cir.1988).

In exercising this authority to implement uniform practices, Customs has promulgated 19 C.F.R. § 141.103 (1988), which states: "Estimated duties shall be deposited in an amount deemed necessary by the district director to sufficiently cover the prospective duties on each item being entered or withdrawn." As used here, this regulation is valid and consistent with Congress' grant of discretionary authority. Therefore, Customs is entitled to estimate duties under one Schedule so as to "sufficiently cover the prospective duties," pending appellate review of an existing judgment that directs entry under a lower tariff Schedule.

Finally, for the reasons set out in *Kalan, Inc. v. United States,* 944 F.2d 847, 849–50 (Fed.Cir.1991) (interpreting 19 U.S.C. §§ 1505 and 1520 ** as requiring Customs to pay interest on refunds of increased and additional duties assessed at liquidation, but not on the refund of excess estimated duties deposited when entered), we cannot agree with Classic Time that it had a property right to interest accruing on its overpayment of estimated duties.

---

* But for excision of the words "and tonnage," which followed the words "duties on imports," this language has not changed since 1792.

** As noted above, on December 8, 1993, Section 642 of the North American Free Trade Agreement Implementation Act amended these sections of Title 19 to require certain payments of interest.

*Conclusion*

Accordingly, the judgment of the Court of International Trade is affirmed.

*AFFIRMED.*