WORLD FORUM WATCH, LTD., PLAINTIFF *v.* UNITED STATES, DEFENDANT

Court No. 95–12–01594

(Dated October 2, 1996)

*Irving A. Mandel (Steven R. Sosnov)* for the plaintiff.
*Frank W. Hunger*, Assistant Attorney General; *Joseph I. Liebman*, Attorney in Charge, International Trade Field Office, Commercial Litigation Branch, Civil Division, U.S. Department of Justice *(James A. Curley);* Office of the Assistant Chief Counsel, U.S. Customs Service *(Sheryl A. French),* of counsel, for the defendant.

### MEMORANDUM AND ORDER

AQUILINO, *Judge:* The court's slip op. 96–115 herein, 20 CIT 890 (July 23, 1996), familiarity with which is presumed, granted defendant's motion for summary judgment, dismissing plaintiff's complaint for award of additional interest on recovered duties. The plaintiff had opposed the motion on grounds that the plain language of 19 U.S.C. §1505(c) (1993) entitled it to recovery and that the government's interpretation of this statute was contrary to the intent of Congress. The court could not concur, holding that that section, which was part of the North American Free Trade Agreement Implementation Act, Pub. L. No. 103–182, §642(a), 107 Stat. 2057, 2205 (1993), was not subject to retroactive application.

The motion was also opposed upon the argument that, even if defendant's position on the foregoing grounds were well-taken, the plaintiff would still be entitled to interest from the date it paid estimated duties until the effective date of section 1505(c), December 8, 1993, in that it

> was a party in *D & M Watch Corp*. v. *United States*, 16 CIT 285, 795 F. Supp. 1160 (1992), in which a Government witness stated that such merchandise was not permitted to be entered in a manner which would permit interest to accrue under 19 U.S.C. §1520(d). And, it has filed a Summons and Complaint in Court No. 92–05–00350 in a case similar in all material respects to *A Classic Time* v. *United States*, Court No. 90–09–00467, pending before this Court. The thrust of a major argument in *A Classic Time* is that the actions of the Customs Service in the Port of New York requiring that entries of quartz analog watches be made as Customs dictated "or else" constituted a violation of the Fifth Amendment. * * *
> The importers' Fifth Amendment claims involve both the due process clause and the taking clause.

  \*   \*   \*   \*   \*   \*   \*

> \* \* \*And, we point out that in our cases, the statute which exists to create the constitutionally protected right to the payment of interest is 19 U.S.C. 1520(d), effective through December 8, 1993.

Plaintiff's Brief, pp. 7–8, 9; Slip Op. 96–115 at 4, n. 2. Noting that *A Classic Time v. United States* was *sub judice*, the court deferred consideration of this argument, whereupon the plaintiff has interposed a motion for rehearing on the ground that the

> NAFTA statute clearly repealed 19 U.S.C. §1520(d). This Court's decision in its present form leaves those importers included in a) through d) \* \* \* without the benefit Congress intended.
>
> The instant importer would have been in that group under the repealed 19 U.S.C §1520(d) if New York Customs watch officials acted properly. We do not believe that Congress wished to deprive 19 U.S.C. §1520(d) benefits to the above class of importers.
>
> Accordingly, this Court should vacate the instant decision and judgment. If it is determined in *A Classic Time* [ ] that the importer there is correct, then judgment should enter for the importer here. If a contrary determination is made, both matters can be presented to the Court of Appeals for the Federal Circuit at the same session. Judicial economy and consistency require such an approach.[1]

Whether properly subject to rehearing or not[2] in view of the deferral of decision on the issue, the court has now granted the government's motion to dismiss the complaints of A Classic Time and seven other importers for failure to state claims upon which relief can be granted. *A Classic Time v. United States*, 20 CIT 1198, 942, F.Supp. 589, Slip Op. 96–161 (Oct. 2, 1996). The court concludes that part II of that opinion governs the motion at bar, and, for purposes of uniformity and efficiency, its reasoning is incorporated herein by reference in toto. Briefly stated, the court concluded therein and thus concludes now herein that, even if plaintiff's characterization of the conduct of Customs is accepted as true[3], that approach did not entail a violation of law or the Constitution. *See id.*, Slip Op. 96–161 at 6–10. And the court has now reconsidered plaintiff's "arguments not presented heretofore in *A Classic Time*"[4] and concludes that they do not warrant a contrary judgment in either that action or this one. Ergo, plaintiff's motion for rehearing must be, and it hereby is, denied.

---

[1] Plaintiff's Motion for Rehearing, pp. 2–3. The "group" or "class" of importers referred to is said to include those who
 a) made entries and paid estimated duties in amounts they deemed proper;
 b) were told by Customs to pay increases [not intimidated by threats do [*sic*] resubmit the entries, or do it our way from the beginning "or else"];
 c) \* \* \* paid the increases; and
 d) after December 8, 1993[] had their post 1984 entries liquidated or reliquidated with refunds.
*Id.* at 2.

[2] *Cf. Belfont Sales Corp. v. United States*, 12 CIT 916, 698 F.Supp. 916 (1988), *aff'd*, 878 F.2d 1413 (Fed.Cir. 1989), and cases cited therein.

[3] *See* Slip Op. 96–161 at 8, n. 5.

[4] Plaintiff's Brief, p. 9.